THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROCHESTER TELEPHONE COMPANY, Appellant, *v.* GEORGE E. PRIEST and Others, State Tax Commissioners, Constituting the State Board of Tax Commissioners, Respondents.

THE CITY OF ROCHESTER, Respondent.

*Certiorari — to whom it may run — the statutory authority to review errors in tax assessments is exclusive — the writ may not run to a municipal corporation in which the relator exercises a special franchise.*

Certiorari, except as it has been enlarged and extended by statute, is a common-law writ. In its office it is confined to the reviewing of proceedings of inferior courts, officers, boards and tribunals, where no other remedy is provided by statute, and it can run only to persons or tribunals that have acted judicially in making the determination sought to be reviewed.

*Semble,* that sections 250 to 256 of the Tax Law (Laws of 1896, chap. 908) constitute the only authority for the review of errors in assessments for the purpose of taxation.

Under these sections, a writ of certiorari to review a local assessment can only run to the officers making the assessment.

Section 45 of the Tax Law, as amended by chapter 254 of the Laws of 1900, contemplates that in reviewing the action of the State Board of Tax Commissioners in assessing a special franchise, it may be necessary to have before the

court the record of some other board or officer, and the court is consequently given authority to direct that the writ shall run to such board or officer.

Such section does not, however, authorize the court to direct that the city in which the relator is exercising the special franchise sought to be taxed shall be made a party to the writ.

APPEAL by the relator, the Rochester Telephone Company, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 1st day of February, 1904, directing that The City of Rochester be made a party defendant in this proceeding, with leave to serve its answer to the relator's petition, and with leave by such answer to raise certain issues and to litigate the same.

The relator is a telephone corporation operating a telephone system in the city of Rochester.

In 1903 the respondents fixed and determined the valuation of the relator's special franchise subject to assessment in the city of Rochester and in the several tax districts thereof. This proceeding was commenced to review such determination and assessment. A writ of certiorari was duly issued directed to the respondents and they made their return thereto and a hearing was had at the Special Term and the evidence relating to the issues was taken and closed. Prior to the decision of the court being signed and filed the city of Rochester made application by motion for an order "making the city of Rochester and its assessors parties defendant in this proceeding, with leave to serve their answers to the relator's petition with the same force and effect as if they had been made parties defendant herein at the time of the commencement of the proceeding." The order appealed from was then made.

*Charles J. Bissell,* for the appellant.

*John Cunneen, Attorney-General,* for defendants, respondents.

*W. W. Webb,* for the respondent, City of Rochester.

CHASE, J.:

Certiorari, except as it has been enlarged and extended by statute, is a common-law writ. In its office it is confined to reviewing proceedings of inferior courts, officers, boards and tribunals where

there is no other remedy provided by statute. The writ in terms directs inferior courts, officers, boards or tribunals to certify to the superior court the record of their proceedings for inspection and review, and the writ can run only to persons or tribunals that have acted judicially in making the determination sought to be reviewed. The purpose and extent of a statutory writ is defined by the statute authorizing it. The writ of certiorari authorized by article 11 of the Tax Law (Laws of 1896, chap. 908) is a special statutory writ.

The Court of Appeals in *Mercantile National Bank* v. *Mayor, etc., of N. Y.* (172 N. Y. 35, 42) say : " With the enactment of chapter 269 of the Laws of 1880 there was created a new and complete system for reviewing upon certiorari, and for thereby correcting the errors of assessing officers. (*People ex rel. Wallkill Valley R. R. Co.* v. *Keator,* 101 N. Y. 610.) It rendered inapplicable the provisions of the Code of Civil Procedure, relating to the writ of certiorari (*People ex rel. Church of the Holy Communion* v. *Assessors,* 106 N. Y. 671; *Matter of Corwin,* 135 ib. 245), and resumed within itself the remedies available to a taxpayer aggrieved by the action of the assessing officers. What was discretionary at common law, now became a right. I think that that act became the only authority for the review of errors in assessments for purposes of taxation."

Chapter 269 of the Laws of 1880 was repealed by section 280 of the Tax Law, but the language of the court quoted is applicable to sections 250 to 256 inclusive of said article 11 of the Tax Law. We must look to the statute, therefore, to ascertain whether the city of Rochester was properly made a party to the proceeding.

By section 251, article 11, of the Tax Law it is provided : " The justice or court may allow a writ of certiorari to the *officers making the assessment* to review such assessment."

By section 45 of said Tax Law (added by Laws of 1899, chap. 712, and amd. by Laws of 1900, chap. 254,) it is provided : " An assessment of a special franchise by the State Board of Tax Commissioners may be reviewed in the manner prescribed by article eleven of this chapter, and that article applies, so far as practicable, to such an assessment in the same manner and with the same force and effect as if the assessment had been made by local assessors. * * * Such writ must run to and be answered by said State

Board of Tax Commissioners and no writ of certiorari to renew *
any assessment of a special franchise shall run to any other board or
officer unless otherwise directed by the court or judge granting the
writ. An adjudication made in the proceeding instituted by such
writ of certiorari shall be binding upon the local assessors and any
ministerial officer who performs any duty in the collection of said
assessment in the same manner as though said local assessors or
officers had been parties to the proceeding."

While the writ of certiorari to review a local assessment can run
to the officers making the assessment only, the statute would seem
to recognize that in reviewing an assessment of a special franchise
made by the State Board of Tax Commissioners it may be necessary
to have before the court the record of some other board or officer,
and the court or judge granting the writ is consequently given
authority to direct that the writ shall run to such other board or
officer, to the end that such other board or officer can return to
it such record as to the court or judge shall seem necessary for
the review of the assessment of said special franchise, but there is
nothing in said act, particularly when interpreted in the light of the
law and practice as applied to common-law certiorari, to authorize
the court or judge granting the writ to bring before the court a
municipal corporation as such as party defendant. No express or
implied authority for making a municipal corporation a party
defendant in this proceeding having been called to our attention,
we are of the opinion that the order as made was without authority.

The order should be reversed, with ten dollars costs and
disbursements.

All concurred.

Order reversed, with ten dollars costs and disbursements.

---

\* *Sic.* It is "review" in statute of 1899.— [REP.