had they been there to warn him. He had not only the notice which was given to the public generally, that repairs were being made, and that the road was dangerous, and was to be considered as closed, but he had the knowledge obtained by his own observation while daily passing over the mile and a quarter to which such notice referred. Such notice was, in my judgment, all that could reasonably be required from the defendants under the circumstances of this case. I do not discover, therefore, from this record, that the defendants have been guilty of any negligence in performing the work which they were there with lawful authority to perform. And, so far as the verdict of the jury has found otherwise, it is not supported by the evidence in the case. Nolan v. King, 97 N. Y. 565, 49 Am. Rep. 561; Atwater v. Trustees of Canandaigua, 124 N. Y. 602, 27 N. E. 385. Moreover, I am of the opinion that the plaintiff's driver plainly contributed to the injury complained of by attempting to drive so heavy a team, with so heavy a load, over this new filling. He knew, from the indications before him, that the recent rains had turned the earth into mud, and he could judge, as well as the defendants, as to whether his team would be likely to pull the load through without accident. It must be borne in mind that nothing had been done by the defendants which could mislead the plaintiff into supposing that this part of the road was finished, or in a safe condition to travel over. Clearly, the driver must be deemed to have made the effort at his own risk, and no just cause of action has been established against the defendants. This judgment should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur, except CHASE and HOUGHTON, JJ., dissenting.

---

(101 App. Div. 263)

PEOPLE ex rel. BUFFALO RY. CO. v. PRIEST et al., Tax Com'rs.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. TAXATION—ASSESSMENT—REVIEW—PARTIES.

　　A street railway company procured a writ of certiorari to review the assessment of its franchise by the board of tax commissioners on the ground that the franchise had been assessed at its full value while the real estate upon the city roll had been assessed by the local assessors at less than its actual value. On the hearing the assessment of the franchise was reduced. After the final order was entered, the city moved to be let in to defend against the reduction, and an order was granted vacating the final order and directing the amendment of the writ so as to run to the city and to the local board of assessors of the city. Held, that the city had no standing to defend the proceeding, and no right to make any motion therein, and the order granted on its motion, bringing in it and the local board of assessors, which had not itself made any application to be brought in, was erroneous.

Appeal from Special Term, Albany County.

Certiorari by the people, on the relation of the Buffalo Railway Company, against George E. Priest and others, comprising the State Board of Tax Commissioners. From an order (85 N. Y. Supp. 237) vacating an order correcting an assessment made by said commissioners, and di-

recting the writ to be so amended as to run to the city of Buffalo and to the local board of assessors of said city, relator appeals. Reversed.

The relator procured a writ of certiorari to review the assessment of its franchise in the city of Buffalo by the State Board of Tax Commissioners for the year 1901. One of the grounds upon which the certiorari was asked for and granted was that such franchise had been assessed at its full value, while the real estate upon the city roll had been assessed by the local assessors at not more than 68 per cent. of its actual value. The writ was issued to the state board alone. The return was made thereto, a hearing was had, and final order in such proceeding was entered on the 29th day of June, 1901, reducing the assessment of such franchise from $3,378,290 to $2,364,803, and it was so corrected and entered upon the local roll. Subsequently, and on the 21st day of September, 1901, an order was granted at special term, vacating such order, and directing that the writ be amended so that it run to the city of Buffalo and to the local board of assessors of such city, and that each of them make a return thereto. From such order the relator takes this appeal.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Norton, Penney & Sears, for appellant.

John Cunneen, Atty. Gen., for respondents.

Charles L. Feldman, for respondents city of Buffalo and board of assessors of city of Buffalo.

PARKER, P. J. We have already settled in this court that the city of Buffalo has no interest in the controversy which was being litigated in this proceeding (People ex rel. Rochester Tel. Co. v. Priest, 95 App. Div. 44, 88 N. Y. Supp. 11), and we reversed an order that under similar circumstances brought in the city of Rochester as a party defendant to such an inquiry. Clearly, within the reasoning of that case, it was error to direct the writ to run to the city of Buffalo in this case. But the question remains, should the order be sustained so far as it refers to the local board of assessors of the city of Buffalo? We are of the opinion that it should not. The motion is made by the city of Buffalo, and it asks that it alone be brought in to defend against the relator's claim. As we have seen, the city has no standing whatever in court to defend this proceeding. It had no right to make any motion whatever therein, and it was therefore error to entertain it. Moreover, such motion was delayed until the question which the local board of assessors are now required to raise and have examined had been litigated, and final judgment had been rendered thereon, and the corrected assessment had been reported to the local assessors, and changed upon their rolls. So far as this record discloses, the local board of assessors itself has never made any application to be brought in, although some of its members were sworn upon the hearing had before the judgment was rendered. And the notice of motion made by the city did not ask to bring them in.

Under these conditions we are of the opinion that, whatever may be the right of the local assessors to be brought in as a party to such an inquiry while it is pending, on their own motion, the order from which the appeal was taken was erroneous, and should be reversed, with $10 costs and disbursements. All concur.