In the Matter of the Application of MABEL C. LAYMAN, Petitioner, for a Certiorari Order against JAMES W. PERSONS and Others, Constituting the Board of Appeals of the Village of East Aurora, New York, Respondents.

Supreme Court, Erie County, December 27, 1928.

*Reginald F. Penton,* for the petitioner.

*Myron M. Ludlow, Jr.,* for the respondents.

CHURCH, J.   A certiorari order was granted under date of August 13, 1928, and thereafter and on the 20th day of August, 1928, an order to show cause returnable August 22, 1928, was granted herein, why an order should not be made to revoke and cancel the certiorari order made herein on the 13th day of August, 1928, and why all proceedings for such order should not be canceled and quashed.

It is on this order to show cause that this hearing and determination is now had.

The vital question involved would seem to be whether the application for the writ was in time or not.

The Village Law of the State of New York, which applies to the village of East Aurora, authorizes, by article 6-A, the board of trustees of the village to zone the property therein and has prescribed the duties and powers of the board of appeals which under the statute may be appointed by such board of trustees.

The board of appeals when appointed under the statute (Village Law, § 179-b, as amd. by Laws of 1927, chap. 650) has very broad powers and is authorized to " Vary or modify the application of any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures, or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done."

The same section (179-b) also provides for a review by a certiorari on petition and uses the following language: " Such petition must be presented to the court within thirty days after the filing of the decision in the office of the board."

In the instant case the board of appeals filed its determination revoking the building permit herein involved on the 23d day of April, 1928.   The certiorari order herein was granted on August 13, 1928, which was of course, long after the expiration of thirty days.

The petitioner contends that the general provisions of the Civil Practice Act are controlling and that section 1288 thereof provides that " Subject to the provisions of the next section, a certiorari order to review a determination must be granted and served

within four calendar months after the determination to be reviewed becomes final and binding, upon the petitioner or the person whom he represents, either in law or in fact."

This court has always been and still is of the opinion that where two statutes exist apparently contradictory in their terms and one of these statutes has application to a particular condition arising under special circumstances and the other statute is general in its nature, the special statute controls.

In this case, therefore, where there is pointed out a particular remedy for the particular wrong which the petitioner herein contends has been suffered by her, she should have followed that particular remedy within the time limited. The thirty-day limitation, to the mind of this court, therefore, bars a proceeding in certiorari under the general statute and we think that the cases of *Mercantile National Bank* v. *Mayor* (172 N. Y. 35) and *People ex rel. Rochester Telephone Company* v. *Priest* (95 App. Div. 44) support this view of the law.

Having reached this conclusion, regardless of the merits of the matters involved herein, the board of appeals of the village of East Aurora are entitled to have an order canceling and quashing the certiorari order of August 13, 1928, herein.