In the Matter of Albert J. Boyer, Appellant, against J. Edward Conway et al., Constituting the Civil Service Commission of the State of New York, Respondents.

Third Department, March 24, 1954.

*Albert J. Boyer*, appellant in person.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Herman N. Harcourt* and *Raymond B. Madden* of counsel), for respondents.

*Per Curiam.* Petitioner passed a State civil service examination for Employment Interviewer in 1950 and his name was placed on the eligible list; on January 17, 1951, he was notified that he had passed a civil service examination for Beverage Control Investigator; on February 2, 1951, the Civil Service Commission notified him that he was disqualified in both examinations and that his name had been taken from the lists on which it had been placed.

The notice stated that the decision was made " after a review of the report from our Investigations Unit " and that it was " based upon the fact the investigation report indicated that you had been dismissed from a position of Employment Interviewer in 1943 ".

Petitioner appealed to the commission for reconsideration and on March 20th the commission reaffirmed its ruling. Again petitioner made an application for review and reconsideration. On May 28, 1951, the commission reaffirmed its determination as to these two examinations and at the same time ruled that petitioner's application for an additional examination, that for Assistant Claims Examiner, should be disapproved and his name removed from the eligible list.

At petitioner's additional request of June 13th, the commission again considered its rulings of ineligibility, but on September 20th the commission sustained its prior determinations and advised petitioner of its decision in writing. Six months later, on March 13, 1952, petitioner instituted this proceeding under article 78 of the Civil Practice Act, to review the several determinations. The petition has been dismissed at Special Term because it was not instituted within four months after the determinations complained of (Civ. Prac. Act, § 1286).

There could be no doubt that the decision of September 20, 1951, was final and complete in the commission's refusal to reconsider the prior determinations of disqualification and the time then began to run against this proceeding. (Cf. *Matter of Amsterdam City Hosp.* v. *Hoffman,* 278 App. Div. 292.)

The record before us is meagre on the prior dismissal from service (1943) on which the disqualification was based. The service involved was for the Federal Government in which petitioner held the position of employment interviewer. Petitioner alleges that an earlier (1942) suspension from the Federal service was due to his attitude in opposition to what he describes as a " systematic official violation of the State Mahoney Act and the President's Executive Order forbidding discrimination in defense industries ".

He attaches to his petition a copy of a document which he describes as " the official directions for referral of junior applicants to the metal trades placement unit, where defense jobs were invariably filled." This contains a written notation " W–X (non-Italian) It. on 716 only ". Petitioner interprets this to mean, in the words of his petition, " only white, Christian, non-Italian applicants to these specifications were to be referred ".

He alleges that these " unwarranted charges " against him in 1942 were dismissed " through the intervention of the President's Committee on Fair Employment Practices ". The official record attached to the petition shows that the original suspen-

sion from service was March 2, 1942, and that "your reply to the charges and subsequent investigation of the background of your case leads us to the determination that the charges made shall be dismissed and that you may be restored to duty as of March 5, 1942".

The petition is neither so specific nor so well documented in relation to petitioner's actual discharge from the Federal service in 1943, on which the Civil Service Commission's determinations are actually based, but the petition pleads that this arose from the original suspension in 1942. The petition alleges: "Eventually, advantage was taken of the multi-element Federal rating scheme to give me a 'fair' rating instead of a good rating".

Attached to the petition is a communication from the regional office of the United States Civil Service Commission in November, 1945, referring to an application made at that time by petitioner for a new Federal appointment as junior interviewer in which the determination is announced of petitioner's "eligibility on suitability"; and some underlying papers on this determination which state that petitioner "was rated eligible on suitability by the seventh regional office and the flag placed against his name by this region was removed".

In 1946, the United States Civil Service Commission advised petitioner that he had a classified civil service status "and you may be considered for re-instatement to any position in the Federal service for which you may meet the requirements". He subsequently was hired by the United States Veteran's Administration and in 1947 received from the United States Civil Service Commission a rating of "very good". Later that year he lost this employment due to "budget limitations".

If the successive determinations of the respondents here to disqualify petitioner were based on this record alone it would appear on the face of the papers that petitioner may have suffered an injustice. We have no power to consider the merits of the record, however, in view of the delay in the institution of the proceeding; but, of course, the respondents still have the power to reconsider it if they wish to do so.

It may be that the charges were not, in the first place, motivated by the causes which petitioner alleges, and even though the 1942 charges were dismissed by the Federal authorities as not sustained, the nature of the discharge in 1943 may, for reasons which are not pleaded in the petition or apparent from the documents made part of it, be regarded by the State Civil Service Commission as a good ground to decide that petitioner

should not be deemed eligible for State appointment. We limit ourselves to considering the Statute of Limitations on which the motion to dismiss the petition was based.

The order should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order affirmed, without costs.