Michael Catalano, J.
The petitioner brings its first proceeding against the named respondents for an order pursuant to article 78 of the Civil Practice Act to “ review the * * * determination of the said Board of Trustees * * * denying the application of the petitioner for permission to erect a gasoline service station ” and “ annulling the decision of the said Board of Trustees and directing said Board of Trustees to authorize Alice Burczynski, as Village Clerk to issue such building permit and directing the issuance thereof by said * * * Village Clerk and directing said Zoning Board of Appeals to decide the appeal pending before it in accordance herewith ”. (Emphasis supplied.)
The second proceeding seeks a similar order to “ review the * * * determination of the Zoning Board of Appeals * * * denying the appeal of the petitioner from the decision of the Village Board * * * reversing the decision of the said Zoning Board of Appeals and annulling the decision of the Board of Trustees and directing said Board of Trustees to authorize Alyce Burczynski as Village Clerk to issue such building permit and directing the issuance thereof by said Alyce Burczynski as Village Clerk”. (Emphasis supplied.)
A motion by the petitioner seeks to consolidate these proceedings pursuant to section 96 of the Civil Practice Act.
In the first proceeding, the petition states: that on January 17, 1958, the petitioner applied to the Board of Trustees for permission to erect a gasoline service station; that on January 28, 1958, this application was denied; that on April 7, 1958, the petitioner appealed to the Zoning Board of Appeals which heard the case on May 16, 1958, but “ has rendered no decision.”
The notice and petition in the first proceeding were served May 26, 1958 upon the respondents who failed to answer, but did move to dismiss the petition as a matter of law. The dismissal is sought because the decision of the Board of Trustees was filed in ‘ the office of the village clerk which is also the *633 office of the Board of Trustees of the said village of Sloan on January 29, 1958;” that this proceeding was instituted on May 26, 1958, or over 30 days later; that April 7, 1958 the petitioner appealed to the Zoning Board of Appeals which has heard the appeal on May 16, 1958, hut had not decided it before May 26, 1958 when this proceeding was started.
Article 78, entitled, “ Proceeding Against a Body or Officer ”, section 1286, entitled “ Limitations of time ”, of the Civil Practice Act provides, in part: “ Unless a shorter time limitation is expressly provided in the law under which the proceeding is authorized, a proceeding under this article * * * must be instituted by service of the petition and accompanying papers * * * within four months after the determination to be reviewed becomes final and binding ”.
Section 179-b of the Village Law, entitled “Board of Appeals ”, provides in part: “ Any person or persons, jointly or severally aggrieved by any decision of the board of appeals or any officer, department, board or bureau of the village, may apply to the supreme court for relief by a proceeding under article seventy-eight of the civil practice act. Such proceeding shall be governed by the provisions of article seventy-eight of the civil practice act, except that (a) it must be instituted as therein provided within thirty days after the filing of a decision in the office of the village clerk.”
Unquestionably, the 30-dav period, and not the 4-month period, applies in this case. (Matter of Barns v. Osborne, 286 N. Y. 403, 405; see, also, Larson v. Howland, 108 N. Y. S. 2d 231, 232; Matter of Layman v. Persons, 133 Misc. 661, 663.) The bar imposed deprives the court of power to consider the merits. (Matter of Boyer v. Conway, 283 App. Div. 513, 515.)
Here, the first proceeding to review the determination of the Board of Trustees is barred by the lapse of 30 days. The request to direct the issuance of the permit is accordingly also barred. The request to direct the Zoning Board of Appeals to decide a pending appeal is premature where the board has had the matter under advisement for 10 days from the date of hearing. Nothing in this record indicates that this 10-day period is unreasonable or arbitrary. In any event, it is now academic because the Board of Appeals has filed its decision on June 16, 1958.
The second proceeding adds one new matter, that is, the review of the Zoning Board of Appeals ’ decision. No answer was served by the respondents thereto, but a motion to dismiss for untimely delay, this time, pursuant to General Buie adopted by the Board *634 of Appeals on September 5, 1956, pursuant to section 179-b of the Village Law.
Section 179-b of the Village Law entitled ‘ Board of Appeals ”, provides, in part:
" Every rule, regulation, every amendment or repeal thereof, and every order, requirement, decision or determination of the board shall immediately be filed in the office of the board and shall be a public record.
“ Such appeal shall be taken within such time as shall be prescribed by the board of appeals by general rule, by filing with the officer from whom the appeal is taken and with the board of appeals a notice of appeal, specifying the grounds thereof.”
General Rules adopted September 5,1956, and filed September 6, 1956 in the office of the Village Clerk, which is also the office of the Board of Appeals, provide, in part: “1. Any person aggrieved by any order, requirement, decision or determination made by an official, department, board or bureau of the Village of Sloan pertaining to the Zoning Ordinance, may appeal from such order, requirement, decison or determination, by filing a notice of appeal with the Village Clerk and with the Chairman of the Board of Appeals within thirty days after the order, requirement, decision or determination appealed from is rendered.”
The petition in the second proceeding states that the decision of the Board of Trustees made January 28, 1958 was “duly appealed ” on April 7, 1958, over two months later, to the Zoning Board of Appeals which heard the matter May 16, 1958; then filed its decision June 16, 1958, denying it as untimely and on other grounds of substance.
An accompanying affidavit for the petitioner states, upon request made January 28, 1958, to the Village Clerk concerning information about an appeal to the Board of Appeals, the Village Clerk failed to disclose the time limit for such appeal or that any rules existed applicable thereto.
The Village Clerk’s affidavit states that she is also clerk of the Board of Appeals and of the Board of Trustees; that no request was made to see the general rules of the Board of Appeals.
The petitioner is deemed to know the General Rules of the Board of Appeals filed September 6,1956, since the same became a “ public record.” (See Village Law, § 179-b.)
A question of law remains: Is General Rule of the Board of Appeals, adopted September 5,1956, paragraph 1 (above quoted) sufficient and proper according to the Enabling Act, section 179-b of the Village Law, pursuant to which it was enacted? The answer is: No.
*635 The Enabling Act provides for an appeal to the Supreme Court “ within thirty days after the filing of a decision in the office of the village clerk”. (Emphasis supplied.) Can the said General Buie provide less? No.
The General Buie fails to be sufficient and proper in that it provides for an appeal to the Board of Appeals “ within thirty days after the order, requirement, decision or determination appealed from is rendered.” (Emphasis supplied.)
Nowhere in the statutes of this State is there a similar provision. No court or judge can extend the time to appeal. (Civ. Prac. Act, § 99.) An appeal to the Appellate Division of the Supreme Court must be taken in 30 days after “notice of entry ” of the judgment or order appealed from (Civ. Prac. Act, §§ 612, 624); to the Court of Appeals, in 60 days after “ notice of entry ” (Civ. Prac. Act, § 592; from the Surrogate’s Court, in 30 days after “ notice of entry ” (Bules Civ. Prac., rule 230; Surrogate’s Ct. Act, § 293); from the Court of Claims, in 30 days after “ notice of entry ” (Court of Claims Act, § 25); from the New York City Court, in 30 days from the “ entry of the order” (N. Y. City Ct. Act, § 62); from the New York City Municipal Court, in 30 days from the “ entry of the judgment, etc.,” (N. Y. Mun. Ct. Code, § 156); from the Justices’ Court, in 20 days after “ entry of judgment,” (Justice Ct. Act, § 428); from a referee in workmen’s compensation, in 30 days after “ notice of the filing of an award or decision(Workmen’s Compensation Law, § 23).
The limited time in which to appeal starts to run usually after “ notice ” and “ entry” of the matter appealed from, and in any event, after “ entry ” or “ filing ”. Starting the time from the “ rendering ” of a decision without notice and/or filing is not enough. It lends itself to patent confusion, irreparable prejudice, and possible absolutism. The General Buie as quoted herein is null and void.
Therefore, the first proceeding is dismissed, without costs; the motion to dismiss the second proceeding is denied, with leave to the respondents to answer within eight days after service upon their attorney of a copy of the order with notice of entry, without costs; the motion to consolidate is denied, without costs. Prepare and submit order accordingly.