(26 Misc. Rep. 73.)

## In re ROONEY.

(Supreme Court, Special Term, New York County. January, 1899.)

1. MANDAMUS—WHEN LIES—ANTICIPATED EVIL.

The fact that, in advertising for bids for supplying provisions for the use of his department, the commissioner of the department of correction of the city of New York has inserted unlawful restrictions in the specifications for the bids, which will prevent a person qualified and entitled to bid from bidding, is no ground for mandamus to compel the commissioner to receive a bid from such person, where the latter has as yet made no bid, since he has suffered no infringement of any right, and the writ will not lie to prevent an anticipated evil.

2. DEPARTMENT OF CORRECTION OF THE CITY OF NEW YORK—POWER OF COMMISSIONER.

Since the kind of beef and mutton to be used in his department is left to the discretion of the commissioner of the department of correction of the city of New York, he has the right to restrict bidders for supplies to the use of animals killed and dressed within the state, such restriction being no limitation on the right of citizens to compete.

Application by Martin Rooney for peremptory writ of mandamus to a commissioner of the department of correction of the city of New York. Denied.

E. Swann, for the motion.

Charles Blandy, Asst. Corp. Counsel, opposed.

NASH, J. The writ of mandamus will not be granted merely for the purpose of defining the powers and duties of public officers, independent of any direct personal interest upon the part of him who seeks the relief. High, Extr. Rem. § 33. The office of a mandamus can only be invoked to remedy a wrong which has been suffered. Brown v. Duane, 60 Hun, 101, 14 N. Y. Supp. 450. The petitioner states that he is qualified to bid for and contract to supply all meats required for the year 1899 by the department of correction of the city of New York, and that he intends to bid, but is prevented from doing so by the restrictive clause in the specification, as advertised by the commissioner, that "all beef and mutton used by this department to be from animals killed and dressed in New York state." It is very well said that, although he says he intends to bid, he may not carry out his intention; if he should bid, he may not be the lowest responsible bidder; and, if he is such, the commissioner may not deem it for the public interest that the bid should be accepted. Until the petitioner has become a bidder, and the commissioner has unlawfully rejected his bid, or, if accepted, an unlawful provision is attempted to be imposed, the petitioner has no legal right which can be said to be affected. It is only anticipated evil.

But it is urged that every citizen has a right to compel the performance by public officers of the duty which the law imposes upon them; that the proposed restriction to beef and mutton of animals killed and dressed in this state limits competition among bidders, is not authorized by statute, and unlawful; and that a statute authorizing such limitation would be unconstitutional. I do not deem this limitation within the principle of the authorities cited, holding certain restrictions in contracts for labor an infringement upon the constitutional rights of citizens. The restriction here is upon the beef, and not a limitation upon the rights of citizens to compete for its supply. The statute provides that the commissioner shall advertise for such supplies as he shall deem necessary to be used for the institutions of his department. The kind of beef and mutton which shall be provided is left to his discretion. It may be that the proper management of the cuisine of the institution requires that beef and mutton of freshly-killed animals should be supplied, and not that brought from distant places in refrigerator cars, fully cured and ready for present use. The restriction may result in preventing competition by dealers in the latter class of meats. On the other hand, it may be said that, without the restriction, competition by dealers in meats from animals killed in this state might be prevented. The question seems to be purely an economical one, and strictly within the powers of the management of the institution.

Application denied, with costs.