THE PEOPLE OF THE STATE OF NEW YORK ex rél. THE PENN-
SYLVANIA GAS COMPANY, Relator, *v.* PUBLIC SERVICE COM-
MISSION, SECOND DISTRICT, Defendant.

Third Department, December 28, 1917.

**Certiorari — order of Public Service Commission overruling demurrer
to complaint not reviewable by certiorari.**

An order of the Public Service Commission, overruling a demurrer to a
complaint having as its object the reduction in the price of natural gas,
is in no sense a " determination," within the meaning of section 2122
of the Code of Civil Procedure, which prohibits a writ of certiorari " to
review a determination which does not finally determine the rights of
the parties with respect to the matter to be reviewed."

Such order does not finally determine the rights of the parties nor constitute
an order in the sense that it may be reviewed by certiorari.

CERTIORARI issued out of the Supreme Court and attested
on the 1st day of October, 1917, directed to the Public Service
Commission of the State of New York, Second District, and
Seymour Van Santvoord and others, Commissioners, com-
posing the Public Service Commission of the State of New
York, Second District, commanding them to certify and
return to the office of the clerk of the county of Albany all
and singular their proceedings had in overruling relator's
demurrer to the petition herein.

*Fisher & Fisher* [*M. H. Fisher* of counsel], for the relator.

*Ledyard P. Hale*, for the Public Service Commission, Second
District.

*Cheston A. Price* and *Thrasher & Clapp* [*Louis L. Thrasher*
of counsel], for the city of Jamestown and others.

COCHRANE, J.:

Numerous citizens of Jamestown presented to the Public
Service Commission a complaint having for its object the
reduction in the price of natural gas supplied within said
city by the relator. The Commission ordered the relator to
make satisfaction of the matters alleged in the complaint or
to make answer to the same. The relator demurred to the

148  People ex rel. Pennsylvania Gas Co. *v.* P. S. Comm.

Third Department, December, 1917.          [Vol. 181.

complaint on the ground that the Commission was without jurisdiction. The Commission made an order overruling the demurrer and giving leave to the relator to serve an answer. This order the relator seeks to review by certiorari.

Section 2122 of the Code of Civil Procedure prohibits a writ of certiorari " to review a determination which does not finally determine the rights of the parties with respect to the matter to be reviewed." There is no statutory provision for a demurrer before the Commission. Section 20 of the Public Service Commissions Law (Consol. Laws, chap. 48; Laws of 1910, chap. 480) directs that " all hearings before a Commission or a Commissioner shall be governed by rules to be adopted and prescribed by the Commission." Presumably, the Commission has adopted a rule permitting a demurrer to a complaint or petition, but such rule is merely for the purpose of regulating the proceeding before the Commission and for the more orderly and methodical conduct of the hearing pending before the Commission. A demurrer authorized by such rule is a proper and desirable expedient for use before the Commission but it does not reach out beyond the Commission and derive any statutory or judicial recognition. The order overruling the demurrer is in no sense a determination as that word is used in section 2122 of the Code of Civil Procedure. It does not finally determine the rights of the parties nor constitute an order in the sense that it may be reviewed by certiorari. It is merely a ruling made during the course of a hearing before the Commission. As well might the relator seek to review a ruling of the Commission in respect to evidence offered during the hearing. (See *Reade* v. *Halpin*, 180 App. Div. 157.) While the rules of the Commission seem to provide for a demurrer, the same question might be raised by motion or in any other appropriate manner during the pendency of the hearing before the Commission. Its ruling in respect to this question stands on no different basis from its ruling in respect to other questions which arise at the hearing. Until the Commission makes a determination which finally determines the rights of the parties the relator has not sustained any grievance. The order in question overruling its demurrer does not injure or aggrieve the relator until it

is followed by some other determination or ruling affecting the price which it seeks to charge for its product, and such a determination may never be made.

The writ should be dismissed, with ten dollars costs and disbursements.

All concurred.

Writ dismissed, with ten dollars costs and disbursements.