In the Matter of the Application of LAURA LIEBMAN, Petitioner, for an Order against JOSEPH K. VAN DENBURG and Others, Composing and Constituting the Board of Examiners of the Board of Education of the City of New York, and FRANK P. GRAVES, as Commissioner of Education of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, June 18, 1938.

*Herman E. Cooper*, for the petitioner.

*William C. Chanler, Corporation Counsel [Arthur B. Hoff, Jr.*, of counsel], for the respondents, constituting the board of examiners of the board of education of the city of New York.

*Ernest E. Cole [Charles A. Brind, Jr.*, of counsel], for the respondent Frank P. Graves, as Commissioner of Education of the State of New York.

BERGAN, J. The motion of the petitioner to amend the petition to include within the prayer for relief a demand in the alternative that the respondent Commissioner of Education be compelled and directed to conduct the hearing on the appeal now pending before him by providing a stenographic transcript of the proceedings and by providing the right of the petitioner to be confronted by those supervisors whose adverse comments were relied upon by the board of examiners in justification of the denial of the license to her, and that cross-examination be permitted, is granted.

As thus enlarged, the petition, in so far as it relates to the respondent Commissioner of Education, must be dismissed upon the motion of that respondent. The provisions of sections 890 and 891 of the Education Law govern the appellate jurisdiction of the State Commissioner of Education. Upon an appeal or petition presented to him by a person conceiving himself aggrieved the Commissioner is, by the express language of the statute, " required to examine and decide the same." The manner of procedure to be followed by the Commissioner, assuming that the result reached is not unreasonable or arbitrary, is to be left with him. He is not required by any express provision of statute, or even by fair implication, to conduct a trial upon an appeal involving a matter of administration in the education system of the State, nor is he required to direct the presence of witnesses or their cross-examination. It appears from the memorandum presented by counsel for the Commissioner that the universal practice in the exercise of such appellate jurisdiction extending over many years has been to hear and determine appeals in education matters upon papers relating to the matters reviewed. It is not within the jurisdiction of the Supreme Court gratuitously to suggest or direct a procedure before the Commissioner in a matter in which he is clearly vested by statute with power to review, in the absence of express statutory prescription of the procedure to be followed. The provisions of the governing statute are met, I think, when the grievance is allowed to be fully presented and where the result reached is not unreasonable. If it be assumed, moreover, that the court could

prescribe the procedure to be followed before the Commissioner, the petitioner's application must, nevertheless, be dismissed as against the Commissioner of Education for the reason that it is premature within the scope of subdivision 3 of section 1285 of the Civil Practice Act. At this stage of the proceedings nothing that the Commissioner has done has resulted in a final determination of the rights of the petitioner with respect to the matter to be reviewed.

In so far as the petition complains of the acts of the respondents constituting the board of examiners of the board of education of the city of New York, the petition is now barred by the limitations of time established by section 1286 of the Civil Practice Act. There it is provided in plain language that the proceeding must be instituted within four months after the determination to be reviewed becomes final and binding. Since this limitation, added by chapter 526 of the Laws of 1937, became effective on September first of that year, the enactment of the statute may have operated to have extended the limitation and prescribed a period of four months succeeding the effective date of the statute, in those cases, at least, in which prior applicable limitations have not then fully run. If the provisions of the predecessor statute in respect of time are not deemed applicable to this petition, in no event could the proceeding to review the acts complained of be instituted after January 1, 1938. This proceeding was commenced April 6, 1938, which was more than a year after the determination of the respondents constituting the board of examiners became final and binding upon her, and the conclusion cannot be avoided that the proceeding, when instituted, was barred by the statute and must now be dismissed. It is contended by the petitioner, however, that rule 107 of the Rules of Civil Practice is controlling upon the motion to dismiss, and that the absence of an affidavit showing the date of the institution of the proceeding and the date when the determination sought to be reviewed became final, is fatal to the motion. With this conclusion I cannot find myself in agreement. All of the facts relating to the institution of the proceeding and the date when the determination became final are ascertainable from the papers. It would appear from the petition that the hearing given by the board of examiners was held February 25, 1937 (Petition, ¶ 16), and that the respondents " affirmed their previous decision denying to petitioner a license " presumably on the same day, since no other date is alleged (Petition, ¶ 23). The petition was verified March 30, 1938, and the notice instituting it is dated the same day. The memorandum of the petitioner, however, states that the denial of a license was made final by the board of examiners on May 27, 1937. The Civil Practice Act, section 1293, provides that the

respondent may raise an objection in point of law " warranting the dismissal of the petition " by applying to the court on the return day for an order dismissing the petition as a matter of law.

I conclude that, if the petition on its face is insufficient and a dismissal is required as a matter of law, the question may be raised by the notice prescribed by section 1293 without affidavit and, to the extent that rule 107 of the Rules of Civil Practice may be inconsistent with the statute, the provisions of that rule must yield to the statute. A more serious objection, however, to the petition is to be found in the provisions of subdivision 4 of section 1285 of the Civil Practice Act. The remedy is not available where the determination may be " adequately reviewed by an appeal to a court or to some other body or officer." The provisions of section 890 of the Education Law, allowing appeals to the Commissioner of Education from a determination such as was here made by the respondents constituting the board of examiners are a complete answer to the proposed separate judicial review contemplated by this petition.

This proceeding, in so far as it relates to the board of examiners, is not available, accordingly, for the reason that there elsewhere exists an adequate review. The motions made by the respective respondents to dismiss the petition are each granted, without costs. One order for that purpose may be submitted by the respondent Commissioner of Education.

Papers filed.