In the Matter of the Application of ART METAL CONSTRUCTION COMPANY, INC., Petitioner, Appellant, for a Subpœna Directed to JOSEPH D. McGOLDRICK, Comptroller of the City of New York, for the Production of Evidence upon a Hearing Relating to New York City Taxes, Respondent.

First Department, June 19, 1940.

*John Goodrum Miller* of counsel [*J. Russell Rogerson* and *Buhler, King & Miller*, attorneys], for the appellant.

*Jerome R. Hellerstein* of counsel [*Arthur A. Segall* and *Sol Charles Levine* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

TOWNLEY, J. Pursuant to the application of petitioner-appellant, a hearing before the comptroller was granted to review a

tentative assessment of New York city emergency taxes levied against it. Petitioner is a non-resident and claims that the tax violates the following restriction of the Enabling Act█ under which the tax is assessed: " This act shall not authorize the imposition of a tax on a non-resident of such city or on account of any transaction by or with a non-resident of such city, except when imposed without discrimination as between residents and non-residents, on account of tangible property actually located or income earned, or trades, businesses or professions carried on within such city, or on account of transfers, retail sales or other transactions actually made or consummated within such city by a non-resident while within such city." The petition sets forth in detail the manner in which it claims that it is being discriminated against by the method of taxing followed by the comptroller. In substance, it says that it was taxed upon the value of the steel material brought into New York in its fabricated form while local manufacturers were taxed only on the value of steel in its raw or unfabricated form.

Upon the hearing before the deputy comptroller demand was made that the comptroller be directed to produce upon the next hearing the records of his office showing the assessments which had been made against local competitors of the petitioner, and the manner in which said taxes were calculated. This demand was refused and this proceeding was commenced to compel compliance therewith.

This court, in the absence of some express statutory authority, and none is shown here, has no jurisdiction to issue subpœnas for the appearances of witnesses and the production of records during the pendency of an administrative hearing. This application was not made in connection with any suit or action pending in this or any other court. It is sought to be upheld as an extension of the proceedings authorized by article 78 of the Civil Practice Act. But by section 1285 of the Civil Practice Act, such relief does not lie " where it does not finally determine the rights of the parties with respect to the matter to be reviewed." In *People ex rel. Pennsylvania Gas Co.* v. *Public Service Commission* (181 App. Div. 147) the court in refusing relief in that case said:." It is merely a ruling made during the course of a hearing before the Commission. As well might the relator seek to review a ruling of the Commission in respect to evidence offered during the hearing." (See, also, *Matter of Liebman* v. *Van Denburg*, 168 Misc. 155, and *Matter of Wallach's, Inc.,* v. *Boland,* 253 App. Div. 371; affd., 277 N. Y. 345.)

The administrative officer must be presumed to know that the petitioner has a legal right to establish that the tax against it is discriminatory, if it may be so proved. We assume that he will issue such subpœnas as are proper to enable the petitioner to establish the methods by which the tax is assessed as well as the methods used by the comptroller in assessing taxes on similar resident manufacturers so far as this may be done without violating the secrecy which the law attaches to individual returns. If the rights of the petitioner are ultimately violated, relief may be had on review of the final order fixing its tax liability. At the present time there is no proper proceeding before us on which action may be taken.

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements.