In the Matter of the CITY OF ROCHESTER, Petitioner, against ALMON A. ANNIS, et al., Constituting the Town Board of the Town of Livonia, et al., Respondents.

Supreme Court, Special Term, Livingston County, July 30, 1945.

*John C. Carey* for respondents.

*Charles B. Forsyth* and *Glenn L. Buck* for petitioner.

CRIBB, J. Proceedings, pursuant to the provisions of article 12 of the Town Law, were brought before the Town Board of the Town of Livonia for the creation of a water district designated as " Hemlock Water District ". On the 14th day of December, 1944, the petition with maps and plans was filed with the Town Board which acted on the same January 4, 1945, and ordered a hearing thereon to be held January 30th. Notice of the hearing was posted and published. At this hearing persons were heard, some favoring and others opposing the creation of the water district. The Town Board took no action on the matter until its next regular meeting on February 5th at which time it determined that certain changes should be made in the boundary lines of the proposed water district and ordered another hearing to be held February 23d. Notices of this hearing were posted and published. Various interested parties, including the City of Rochester, petitioner herein, appeared and were heard at this hearing. At the conclusion of this hearing the matter was adjourned to the next regular meeting of the Town Board in order that its members might have an opportunity to further consider the proposition. At this regular meeting, held on the 3d day of April, 1945, a resolution was adopted by the Town Board approving the establishment of the Hemlock Water District within the Town of Livonia. This resolution, among other things, determined that the original petition filed with the board on the 14th day of December, 1944,

met all the requirements provided by section 191 of article 12 of the Town Law. No further action was taken by the Town Board or its officers except to file a petition with the State Comptroller pursuant to section 194 of the Town Law seeking State approval of the creation of the water district. Up to the time of the argument of this motion the State Comptroller had not acted upon such petition. On April 13, 1945, the attorney for respondents at the request of the Corporation Counsel of the City of Rochester mailed him a true copy of the resolution adopted by the board on April 3d. This copy of the resolution was accompanied by a letter in which respondents' attorney stated: " When you have had an opportunity to examine that resolution you will note that it does approve creation of a district but does not create it ".

No certified copy of the resolution adopted by the Town Board April 3, 1945, has been recorded in the Office of the Clerk of Livingston County as provided by section 195 of the Town Law. Respondents contend that no final order or determination actually creating the Hemlock Water District has been made by the board and that none can be made until it receives the approval of the State Comptroller.

The City of Rochester on April 26, 1945, procured an order directing respondents to show cause before this court why a certiorari order should not be made providing for a review by the court of all papers, records and proceedings and acts of the Town Board in relation to the creation of Hemlock Water District. On the return day at Special Term respondents appeared and moved for a dismissal of the petition for certiorari chiefly on the grounds that this court lacked jurisdiction due to the failure of petitioner to show that the Town Board had adopted any resolution or made any determination of the rights of petitioner and actually created the water district or caused to be filed in the Office of the Clerk of Livingston County a certified copy of any such resolution or determination as provided by section 195 of the Town Law.

In view of this decision it is not necessary to now consider the regularity of any of the proceedings taken by the Town Board. The question now to be considered is whether the City of Rochester is entitled to a certiorari order to review at this stage of the proceedings.

Subdivision 2 of section 195 of the Town Law provides what seems to be an exclusive remedy to parties deeming themselves aggrieved by acts of a Town Board in relation to the creating of a water district. The first sentence reads as follows: " Any

interested person aggrieved by any final determination or order made pursuant to the provisions of this article may review the same by certiorari provided that the application for such order of certiorari is made within thirty days from the date of the recording of the certified copy of the order or determination in the office of the clerk of the county.'' In the instant case no certified copy of any determination or order made by the Town Board of Livonia has been filed or recorded in the Livingston County Clerk's Office as provided by subdivision 1 of said section 195. In fact there is grave doubt as to whether the resolution adopted by the Town Board April 3, 1945, constituted a final determination or order actually creating the Hemlock Water District. Until such a determination or order is finally made and recorded as provided by law no party has been aggrieved. It is possible that respondents may never complete the proceedings or, in the event that an adverse decision is made by the State Comptroller, will eventually deny the petition for the creation of the water district.

Petitioner for the order of certiorari also relies upon the provisions of article 78 of the Civil Practice Act as authority for the issuance of such order to review. Section 1285 of this article, denying the right to review a determination where such determination '' does not finally determine the rights of the parties with respect to the matter to be reviewed '' (Civ. Prac. Act, § 1285, subd. 3), leaves the petitioner without a remedy for the same reasons hereinbefore discussed, i.e., the respondents have not made any final determination by which petitioner has been aggrieved. Petitioner contends that it could not afford to permit the four months' period for certiorari proceedings specified in article 78 of the Civil Practice Act (§ 1286) to elapse, fearing that if it did so the respondents would claim that the time had already expired for a review of its first acts. I think this argument is without merit. When a final determination or order is made and recorded by respondents any aggrieved party may institute proceedings for a review by certiorari by making application therefor within thirty days of the recording in the proper county clerk's office of a signed or certified copy of such determination or order (Town Law, § 195, subd. 2). Upon such an order to review, all of the acts of the respondents would properly come up for review including the resolution adopted by the Town Board on the 3d day of April, 1945, which, among other things, found that the original petition for the creation of Hemlock Water District as filed with it conformed to the law as to signatures, etc. (see *Matter of Ramsay*

v. *Town Board of Hempstead,* 241 App. Div. 83, and cases there cited).

Article 12 of the Town Law lays down the procedure to be followed in creating a water district and also provides for the rights and remedies of any parties deeming themselves aggrieved by the final order or determination made by the Town Board. Each act, resolution, order or determination made by it prior to its final order or determination is but one step toward its final disposition of the matter. To permit an aggrieved party to review by certiorari each one of these steps would result in needless litigation.

The motion by respondents for dismissal of the petition for certiorari is granted, with $10 costs of the motion. Let order enter accordingly.