In the Matter of ISLAND TREES CIVIC ASSOCIATION OF HICKSVILLE, LONG ISLAND, Petitioner, against TOWN BOARD OF HEMPSTEAD et al., Respondents.

Supreme Court, Special Term, Queens County, August 8, 1950.

*George R. Brennan, Town Attorney,* for respondents.

*John Galardi* for petitioner.

PETTE, J. An application is made in the name of Island Trees Civic Association of Hicksville, Long Island, county of Nassau, for a certiorari order to review the determination of the town of Hempstead, in connection with the proposed establishment of a new fire district to be known as the Levittown Fire District.

Respondents move to dismiss the petition on the ground that it is insufficient as a matter of law.

The pertinent facts are briefly as follows:

The petitioner alleges that (a) one Stanley Rodgers, is a resident of Hicksville, county of Nassau, and president of Island Trees Civic Association; (b) seeks to review the alleged final determination of the town board of Hempstead, of April 11, 1950, which created the new Levittown Fire District; (c) and seeks to annul or modify the same so as to exclude the petitioner's area therefrom; (d) that the said relief is predicated upon alleged errors and illegality consisting of defective signatures of alleged taxpayers; alleged erroneous inclusion of corporate property owned by Levitt & Sons, Inc.; the filing of an alleged proper protest on or about February 18, 1950, to the resolution by the president of the petitioner, asking their exclusion from the proposed new fire district; the alleged deficiency of the requisite number of residential taxpayers in supporting

the town board's resolution; and that the alleged resolution was arbitrary and capricious.

Respondents challenge the validity and legality of the petition herein upon the ground that it is premature as a matter of law, principally for the reason that permission of the State Comptroller has not yet been obtained, and therefore no further proceedings can be taken by the town board until he acts upon the application. If permission for the creation of the proposed new fire district is denied, then the town board is obligated to adopt an order denying the application for the new fire district.

Section 173 of the Town Law provides in part as follows:

" § 173. *Filing of determination.* 1. Whenever the town board or boards shall adopt a resolution establishing or extending a fire alarm district, or a fire protection district, or consolidating two or more adjoining fire districts or fire protection districts, or altering the boundaries of a fire or fire protection district, the town clerk or clerks shall cause a certified copy of such resolution to be duly recorded in the office of the clerk of the county or counties in which such fire alarm district, fire protection district, or consolidated or altered fire districts, or consolidated fire protection districts, are located, and shall, within ten days cause a certified copy of such resolution to be filed in the state department of audit and control at Albany, New York. When so recorded, such resolution shall be presumptive evidence of the regularity of the establishment, extension, consolidation, or alteration of such district or districts. The expense of such recording shall be a charge against the district or districts. The said determination shall be final and conclusive unless application has been made for review by certiorari within thirty days from the time of recording thereof.

" 2. Whenever the town board or boards shall adopt a resolution establishing or extending a fire district, such resolution or determination shall be submitted to the state comptroller for approval in the following manner:

" (a) Within ten days after the adoption of a resolution by a town board approving the establishment or extension of a district, the town clerk of the town shall file a certified copy of such resolution, in duplicate, in the office of the state department of audit and control at Albany, New York, together with an application, in duplicate, for permission to create or extend such district as the case may be. Such application shall be executed and verified by the supervisor, or by such other officer of the town as the town board shall determine, and shall include the following:

" (1) A certified copy of the petition, omitting, however, the signatures and acknowledgments or proofs.

" (2) An itemized statement of the existing indebtedness of the town, both temporary and bonded, including the indebtedness of the town for all special district purposes.

" (3) A statement of the aggregate assessed valuation of the taxable real property situated in the proposed district or extension thereof, and of the portion thereof owned by resident owners.

" (b) Whenever such an application shall be filed in the office of the department of audit and control, the state comptroller shall within five days thereafter give notice thereof to the board of supervisors of the county in which such proposed district or extension is located by filing with the clerk of such board of supervisors one copy of such application. At any time within fifteen days of the filing of the application, said board of supervisors may file an objection, in writing, in the office of said department of audit and control. In addition, the state comptroller shall determine whether the public interest will be served by the creation or extension of the district and also whether the cost thereof will be an undue burden upon the property of the proposed district or extension. The state comptroller may make such determinations upon the original or any amended application, or in his discretion may require the submission of additional information or data in such form and detail as he shall deem sufficient, or may cause an investigation to be made, to aid him in making the determinations above mentioned. If at the time of application for permission to establish or extend a district, the indebtedness of the town for all purposes, excepting only certificates of indebtedness issued in anticipation of the collection of taxes, but including the amount of the debt proposed to be incurred in connection with the extension or establishment of such district or proposed district, shall exceed fifteen per centum of the assessed valuation of the taxable real property of such town as it appears on the last completed assessment roll of the town prior to the date of application, the state comptroller shall deny permission for the creation or extension of such district."

Under subdivision 4, the board may, *and then only*, establish a fire district by order, and file certified copies thereof in the office of the clerk of the county, and also in the office of the State Department of Audit and Control, at Albany. *This determination is then final*, unless application is made for review thereof by certiorari within thirty days from the time

of the recording thereof. In the present factual situation, such permission of the State Comptroller, by order as required, *has not as yet been obtained.* Therefore, no further proceedings have been or can be taken by the town board of Hempstead, until the State Comptroller acts upon the proposed application. As was stated by the State Comptroller in his opinion in connection with the establishment of a fire district: " A fire district may be established by a town board only after compliance with the procedure prescribed in Article 11 of the Town Law." (Opinions of the State Comptroller, 1947, Vol. 3, p. 330, file No. 2265.)

Since no certified copy of any determination or order made by the town board has been filed or recorded in the County Clerk's office, as required by the Town Law, no party has been aggrieved so as to be entitled to review the alleged order by certiorari. (*Matter of City of Rochester* v. *Annis,* 185 Misc. 518.)

Accordingly, the motion by respondents for dismissal of the petition for certiorari is granted. Petition for review and to annul, alter or modify resolution, etc., denied.

Settle order on notice.