Donatelli Building Co., Inc. *et al. vs.* Cranston Loan Company *et al.*

APRIL 23, 1958.

Present: Condon, C. J., Roberts, Andrews and Paolino, JJ.

294

Roberts, J. This is a bill in equity wherein the complainants seek certain injunctive relief against the respondents. The cause was heard in the superior court on a motion for a preliminary injunction, and thereafter the decree submitted by the respondents was entered granting partial relief to the complainants. From that decree the complainants appealed to this court under the provisions of general laws 1938, chapter 541, §7, now G. L. 1956, §9-24-7.

The material facts in this case are not in dispute. In May 1957 a committee of the city council of the city of Cranston was engaged in holding hearings for the purpose of acquiring information relating to the construction of schools. At that time this committee subpoenaed certain officers of the complainant companies, who under protest attended several hearings and gave certain information to the committee.

On May 17, 1957 the committee, acting through its chairman, issued a subpoena directed to the respondent Cranston Loan Company. This subpoena ordered said company to appear before the committee on May 21, 1957 and to produce at that time such financial records of the complainant companies as were in its possession. The complainants immediately instituted the instant suit, and on May 21, 1957 a restraining order was entered wherein the Cranston Loan Company was restrained and enjoined from producing any of complainants' financial records which were in its custody, and the committee of the city council was restrained from

issuing any further subpoena of the financial records of complainants from any other financial agency with which it might do business.

The hearing on complainants' motion for a preliminary injunction was concluded on June 17, 1957, and thereafter each of the parties submitted a form of decree to the trial justice for entry. He entered the form of decree submitted by the respondent board. The pertinent portion thereof reads as follows:

> "1. That the respondents be and they hereby are enjoined from issuing any subpoena until further order of this Court; provided however that the respondents may from time to time petition this Court for the issuance of any such writ of subpoena; provided further that if the subpoena is directed against any party to the above cause, his or its counsel of record herein shall be notified before such subpoena is requested, and shall be given an opportunity to be heard."

Among other things, complainants argue that the trial justice erred in entering the decree, because the committee is without authority to issue any subpoena in the instant investigation and the superior court is without authority to issue subpoenas in the committee's behalf. Because of the view which we take on these contentions, it will not be necessary for us to consider any other argument advanced by complainants.

It is obvious that the decree above quoted is wanting in certainty. Upon a careful reading thereof in the light of the issues raised in the case, it is our opinion that the trial justice, when he entered it, understood it to deal only with the power of the committee to issue subpoenas duces tecum, and he did not intend that it would apply to the issuance by the committee of subpoenas ad testificandum. We think this is so, because we do not believe that the trial justice, in enjoining the respondent committee from issuing subpoenas, intended to include within that injunction the issuance of subpoenas ad testificandum, for it is clear that

his attention had been directed to the provisions of G. L. 1956, §45-5-14, which confer upon a city council or any committee thereof the authority to "by their respective presiding officers, issue subpoenas to witnesses to testify in any matter pending before them * * *." As we construe that statute, it expressly vests the committee with the power to issue subpoenas ad testificandum and complainants' contentions to the contrary are without merit.

Since we hold that the decree deals only with subpoenas duces tecum, the question remains whether the trial justice was in error in providing therein that "the respondents may from time to time petition this Court for the issuance of any such writ of subpoena * * *." We think this was error and that the superior court is without jurisdiction to issue subpoenas duces tecum in behalf of the respondent committee.

It is our opinion that where an investigating agency or committee has not been given express statutory authority either to issue subpoenas duces tecum in its own behalf or to apply to the courts for the issuance of such subpoenas duces tecum, a court may not, in an exercise of its inherent power to issue such subpoenas, do so on behalf of such agency or committee. *Application of Art Metal Construction Co.*, 260 App. Div. 153. While the power to issue subpoenas duces tecum inheres in courts with respect to cases pending before them and statutory grants of such power to courts are only declaratory of the common law, the power to issue subpoenas duces tecum does not inhere in administrative agencies or committees and can be exercised by such committees only when expressly authorized by statute. It is beyond the jurisdiction of the courts to enable such agencies to subpoena books and records through the expedient of exercising its own authority to issue subpoenas duces tecum in the agency's behalf.

In our judgment the subpoena duces tecum issued by the respondent committee in the instant case was issued in ex-

cess of the authority of that committee to issue subpoenas; that in the circumstances the respondent Cranston Loan Company should be enjoined and restrained from producing before said committee or otherwise making available to it such financial, business or personal records or papers of the complainants as may be in its custody or possession; and that the respondent committee should be enjoined from exercising any authority under such purported subpoena duces tecum.

The complainants' appeal is sustained, the decree appealed from is reversed, and on April 30, 1958 the parties may present to this court for approval a form of decree, in accordance with this opinion, for entry in the superior court.

*Thomas L. Marcaccio, Jr.,* for complainants.

*John F. Baffoni,* for Cranston Loan Company.

*Frank W. Golemba,* City Solicitor, for certain respondents.