Jacob Markowitz, J.
This is an application, pursuant to article 78 of the Civil Practice Act, by one Sidney J. Ungar, to restrain respondents, as members of the Committee on Slum Clearance, “from taking any action regarding the Riverside-Amsterdam Urban Renewal Project, and annulling all acts taken by the respondents regarding said project from April 9, 1959, pending a determination by the Board of Estimate of the City of New York of the preliminary plan submitted to said Board.”
Petitioner alleges that he spent a great deal of time, effort and money in conceiving and developing a plan to clear spotty, blighted portions of a sound, residential area; that his efforts *241 resulted in the submission to the Board of Estimate of a preliminary plan, which the board referred to the City Planning Commission and which was thereafter approved by the latter, with certain modifications. According to the petition, this preliminary plan, as modified by the City Planning Commission, was referred back to the Board of Estimate for a public hearing and decision on the plan. Petitioner alleges that after two public hearings the Board of Estimate laid over approval of the plan without date.
Petitioner further alleges that on October 19, 1956, the Slum Clearance Committee had designated him as “ sponsor ” of the project, at which time he deposited $25,000 with the committee, and that it reconfirmed him as “ sponsor ” in July, 1958, after which he deposited an additional sum in his own bank as evidence of his financial responsibility. The petition then alleges that on or about August 14, 1959, the committee voted ‘1 in principle ’ ’ to change the preliminary plan by accepting an academic institution as part “ sponsor ” for the purpose of building a college in the area, and that the committee subsequently dropped petitioner as “ sponsor ” of the housing portion of the project and designated a new “ sponsor ” therefor.
Petitioner takes the position that the committee had no right to remove him as “ sponsor ” or to change the preliminary plan.
Paragraph f of subdivision 9 of section 72-m of the General Municipal Law authorizes the governing body of a municipal corporation to “ [designate an appropriate board for each project area to carry out all activities connected with such project area.” This board is referred to in section 72-m as the “ agency ” (subd. 2, par. b). The respondents, the “ Committee on Slum Clearance,” were designated as such board or agency. Under the provisions of section 72-m the functions of said committee are limited to (subd. 4) the selection of a project area and the preparation of a preliminary plan, and, in the event that the preliminary plan is approved by the Board of Estimate (subd. 6), the preparation of a final plan for the approval or disapproval of the board. The provisions of subdivisions 4 and 6 of section 72-m as to the contents of the preliminary and final plans, make no mention of any requirement that the preliminary or final plans should name a “ sponsor ” for the project to which they relate. The petition itself shows that the preliminary plan, as submitted by the committee to the Board of Estimate, did not state that petitioner was to be the “ sponsor ”, for it alleges that the board was merely informed that a 1 ‘ responsible developer ’ ’ had been obtained. It is further alleged that the *242 approval of the preliminary plan by the Planning Commission, with certain modifications, did not involve the qualifications of the ‘ ‘ responsible developer ’ There appears to be no statutory provision whatever for the designation by the committee of a “ sponsor ” for a slum clearance project.
In these circumstances, the action taken by the committee in dropping petitioner as “ sponsor ” of the Riverside-Amsterdam project does not constitute a final determination of petitioner’s alleged right to be “ sponsor ” of the project. Section 1285 of the Civil Practice Act provides that relief under article 78 of the Civil Practice Act shall not be available to review a determination which “ does not finally determine the rights of the parties with respect to the matter to be reviewed.” It is only if the Board of Estimate should approve (1) the preliminary plan, as modified by the Planning Commission, and (2) a final plan patterned on the modified preliminary plan, that the question of “ sponsorship ” can come up for final determination. Even then, the decision as to “ sponsorship ” will be one for the Board of Estimate, not the committee, to make.
Petitioner alleges that the 1959 amendment (L. 1959, ch. 863) to subdivision 8 of section 72-m was intended to prevent the ‘ ‘ freezing out ’ ’ of persons who, like petitioner, had devoted themselves to the development of a project. That amendment provides that the real property shall be sold, leased or disposed of “ to any person, firm or corporation who (1) agrees to pay the minimum price or rental fixed by the agency for such property and appurtenances, and to participate in the planning for such property and appurtenances without payment or reimbursement therefor from the municipal corporation, (2) thereafter participates in such planning’ in a manner satisfactory to the agency and (3) matches any bid higher than said minimum price or rental.” Assuming that this amendment gives petitioner a right to become the purchaser, and thereby be the “ sponsor ”, that right must be asserted against the Board of Estimate in the event that the board, by selling the property to another, should violate the amendment. The sale which determines the “ sponsorship ” is made by the “ municipal corporation, acting through its governing body ’ ’, not by the committee.
As no final determination of petitioner’s alleged right to be the “ sponsor ” has been made, petitioner has no standing, at this time, which would entitle him to maintain an article 78 proceeding to annul the changes in the preliminary plan made by the committee. Furthermore, said changes are not final determinations and are, therefore, not reviewable in this proceeding (§ 1285). It is accordingly unnecessary to decide *243 whether the changes are invalid. Whether petitioner has another remedy and what it is are questions which need not be determined upon this application.
Motion denied.