Isadore Bookstein, J.
The petitioner, Town Board of the Town of Cheektowaga, hereinafter referred to as “ Town Board ’f, pursuant to article 11 of the Town Law, has attempted to procure an extension of territory of U-Crest Fire District No. 4 of the Town of Cheektowaga, hereinafter referred to as ‘(Fire District
Subdivision 1 of section 170 provides for a proceeding to extend a fire district to be initiated by petition and when thus initiated the requirements and procedure are regulated by section 171 of the Town Law.
Subdivision 2 of section 170 provides for a proceeding to extend a fire district by a town board upon its own motion and-prescribes the procedure to be followed in that event.
In this case, “ Town Board ” initiated the proceeding for an extension of “Fire District”, upon its own motion, under subdivision 2 of section 170 of the Town Law.
Section 173.of the Town Law prescribes certain, procedure to be followed after the adoption of a resolution extending a fire *164 district, and such procedure applies whether the resolution is adopted as a result of a proceeding initiated by petition or upon the motion of the town board.
This is made unmistakably clear by the amendment of that section by chapter 190 of the Laws of 1959, effective March 24, 1959, which inserted the words “if there is one” after' the word “ petition ” in section 173 (subd. 2, par. [a], cl. [1]) and inserted the words “if there is a petition” in clause (3) of paragraph (a) of subdivision 2 of that section". The amendment makes crystal clear that the requirements of section 173 are applicable to the proceedings for the extension of a fire district, whether by petition or on the motion of the town board.
In any event, petitioner complied with the requirements of section 173 insofar as filing with respondent the documents required, thereby. Pursuant to the authority vested in responent by section 173 of the Town Law, respondent made an order denying permission for the proposed extension of the “Fire District.”
Subdivision 4 of section 173, so far as pertinent, provides as follows: “ If the state comptroller shall deny permission for the * * * extension of the district, the town board shall forthwith adopt an order denying the petition. * # * The town clerk shall cause certified copies of its resolution and such order to be duly recorded in the office of the clerk of the county * * * in which such fire district is located. When so recorded such * * * order shall be presumptive evidence of the regularity of the * * * extension of such district. * * # The said determination shall be final and conclusive unless application has been made for review by certiorari within thirty days from the time of the recording thereof.”
Concededly, petitioner, “ Town Board ”, did not comply with the requirements of subdivision 4 of section 173 of the Town Law. It did not adopt the order required thereby or take any of the other steps required after the adoption of such order. Instead, it instituted this article 78 proceeding to review the action of respondent in denying permission for the extension of the ‘1 Fire District ’ ’.
Respondents move to dismiss the petition for the reason, among others, thait it is premature in that there is not yet in existence a final order denying the application for an extension of the fire district.
This proceeding is premature. Shorter periods for instituting certiorari proceedings than the four months’ period prescribed in article 78 of the Civil Practice Act are valid and must be complied with. (Matter of City of Rochester v. Annis, 185 Misc. *165 518; Matter of Island Trees Civic Assn. v. Town Bd. of Hempstead, 198 Misc. 1064. Cf., also, Matter of Layman v. Persons, 133 Misc. 661 and Matter of Larson v. Howland, 108 N. Y. S. 2d 231.)
Here there is no final order to be reviewed until the Town Board makes and records the order required by subdivision 4 of section 173 of the Town Law. It is only after the recording of that order that a certiorari proceeding may be instituted.
Petitioners contend that subdivision 4 of section 173 applies only where the Comptroller’s denial is based upon a petition and not upon the action of the Town Board upon its own motion. I think this contention is completely negatived by the 1959 amendment to section 173, already alluded to. If there is no petition, then all of the steps required by that section must be complied with, except that there need not be filed with the respondent a copy of the petition. All other matters must be furnished to respondent. He is empowered and directed to consider the matter and grant or deny the application. Upon its denial, an order must be entered by the Town Board to that effect, even though the first sentence of subdivision 4 of section 173 refers to the denial of a petition. By the amendment referred to, it seems clear that a denial or granting of an application refers as fully to a petition as to action upon its own motion by the Town Board.
But petitioners also contend that subdivision 4 of section 173 is unconstitutional with relation to the delegation of power to the Comptroller, as violative of section 1 of article V of the State Constitution.
That section was amended November 8, 1955, effective January 1, 1956, by providing that the Legislature may assign to the Comptroller, ‘ ‘ powers and duties pertaining to or connected with the assessment and taxation of real estate ’ ’.
Article 11 of the Town Law, regulating the subject of fire districts, is replete with matters pertaining to or connected with the assessment and taxation of real estate. (See Town Law, § 173, subd. 2, par. [b] ; subd. 2, par. [a], els. [2], [3]; also § 181.)
The delegation of power to the Comptroller by article .11 of the Town Law is directly concerned with matters ‘ ‘ pertaining to or connected with the assessment and taxation of real estate ” and seems to me to be expressly within the very delegation of powers and duties, which the 1955 amendment to section 1 of article V of the. Constitution authorized.
In my opinion, subdivision 4 of section 173 of the Town Law is Constitutional.
*166 Respondents contend that petitioners cannot proceed under a statute and at the same time attack its constitutionality. In view of the determination reached on the question of constitutionality, it is unnecessary to consider that contention.
Petitioners also contend that this proceeding is transferable to the Appellate Division on the theory that there has been a hearing. There has been none in the sense employed in section 1296 of the Civil Practice Act. Indeed, the respondent is not required to conduct a hearing. Section 173 of the Town Law does not require him to hold a hearing. It defines the basis upon which he may make his determination and does not require him to hold a hearing. Where there is no such requirement, the matter is not transferable to the Appellate Division. (Matter of Hagan v. Picard, 171 Misc. 475, affd. 258 App. Div. 771; Matter of Western New York Water Co. v. Public Service Comm., 124 N. Y. S. 2d 612, 615.)
Motion to dismiss petition granted. Submit order.
All papers to Attorney-General, except briefs of respective parties, which are transmitted to their respective attorneys.