THE PEOPLE OF THE STATE OF NEW YORK ex rel. LUMO PAUL SHEA, Appellant, v. J. EDWIN LA VALLE, as Warden of Clinton Prison, Respondent.— Appeal from an order of the County Court of Clinton County which denied an application for a writ of habeas corpus. Appellant's contention that the commitment pursuant to which he is now imprisoned is invalid because the " Court did not pronounce judgment " is belied by the papers which appellant himself submits. Order unanimously affirmed, without costs.

 In the Matter of the TOWN OF CHEEKTOWAGA et al., Appellants, v. ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.— Appeal from an order of the Supreme Court, Special Term, Albany County, which granted respondents' motion under section 1293 of the Civil Practice Act to dismiss the petition in a proceeding brought under article 78 of the Civil Practice Act to review a determination of the Comptroller of the State of New York which denied the application of the petitioner town under section 173 of the Town Law for the extension of a certain fire district. A careful analysis of the procedural steps taken and of the issues submitted appears in the opinion at Special Term. (22 Misc 2d 163.) The petition alleges as grounds for the relief sought (1) that the provisions of subdivision 2 of section 173 requiring the Comptroller's approval contravene the constitutional provisions limiting the administrative duties which the Legislature may assign to the Comptroller to those specifically enumerated (N. Y. Const., art. V, § 1); and (2) that the Comptroller's determination is not supported by competent and sufficient evidence (Civ. Prac. Act, § 1296, subds. 6, 7). We prefer to deal with the issues upon the merits and the conclusions which we have reached with respect to them render unnecessary our consideration of the procedural objections urged by respondent Westinghouse. Subdivision 2 (par. [a], cls. [2], [3]; par. [b], in particular) of section 173, seems to us to indicate quite clearly the Legislature's legitimate concern for the fiscal integrity of fire districts sought to be created or extended; and, in our view, the legislative grant of power of approval and disapproval by the Comptroller was valid and proper as "incidental to the performance of [his] functions" with respect to his "(1) supervision of the accounts of any political subdivision of the state; and (2) powers and duties pertaining to or connected with the assessment and taxation of real estate" (N. Y. Const., art. V, § 1). Petitioners' second contention is also unavailing as the evidentiary tests alleged are inapplicable — the sole inquiry upon review being as to arbitarary or capricious action — since the determination was not "made as the result of a hearing held, and at which evidence was taken, pursuant to statutory direction" (Civ. Prac. Act, § 1296, subd. 5-a), the Town Law making no provision for a hearing and, of course, no different rule obtaining under the statute merely because an informal hearing was held, whether as a matter of favor or otherwise. The petition was therefore insufficient and was properly dismissed. Order unanimously affirmed, without costs.