Lawrence H. Cooke, J.
As stated on the first page of petitioner’s memorandum, this is a proceeding pursuant to article 78 of the Civil Practice Law and Rules to compel the Public Service Commission to issue a subpoena duces tecum requiring the production of certain books and records by the Consolidated Edison Company of New York at a hearing before the commission in connection with the application of said company for an increase in electric rates payable by electricity customers in New York City and Westchester County. The order to show cause indicates that an application is made also for an order “ staying the taking of any further testimony herein at the hearings now being held before Honorable Francis T. Mylott, a member of the Public Service Commission, pending the production and examination of the books and records of respondent, Consolidated Edison Company of New York, Inc.”
It appears without dispute that, in the course of hearings in regard to Consolidated Edison’s application for said rate increase, the commission denied petitioner’s request for the issuance of such a .subpoena. By answer on the one part and notice of motion on the other, both respondents now seek dismissal of the petition on the ground, among others, that the challenged determination is not final.
An article 78 proceeding is not available where there has been no final determination of the rights of the parties with respect to the matter to be reviewed (CPLR, § 7801; Matter of Carville v. Allen, 13 A D 2d 866; Matter of Siegel v. Mangan, 258 App. Div. 448, 450, affd. 283 N. Y. 557; Matter of General Mut. Ins. Co. v. Mutual Ins. Rating Bureau, 23 Misc 2d 991; Matter of Town of Cheektowaga v. Levitt, 22 Misc 2d 163, 164-165, affd. 12 A D 2d 848, affd. 10 N Y 2d 931; Matter of Ungar v. Moses, 21 Misc 2d 240, 242; Matter of Robinson v. Krulewitch, 18 Misc 2d 285, 286-287; Matter of Island Trees Civic Assn. v. Town Board of Hempstead, 198 Misc. 1064; Matter of City of Rochester v. Annis, 185 Misc. 518, 521; Johnson v. Cassedy, 37 N. Y. S. 2d 582, 584; Matter of Liebman v. Van Denburg, 168 *921 Misc. 155, 156-157; Wachtell, New York Practice Under the OPLR, p. 353; Carmody-Forkosch, New York Practice [8th ed.], p. 918; McKinney’s Cons. Laws of N. Y., Book 7B [8th part], CPLR, Commentary, p. 17; 22 Carmody-Wait, New York Practice, pp. 125, 371). Said limitation is applicable to determinations of the Public Service Commission (People ex rel. Pennsylvania Gas co. v. Public Serv. Comm., 181 App. Div. 147; Matter of Rochester Gas & Elec. Corp. v. Maltbie, 188 Misc. 39, affd. 272 App. Div. 162) and, more particularly here, precludes consideration at this time of an article 78 challenge regarding the commission’s determination to issue or not to issue the subpoena in question, same being merely an intermediate procedural ruling incidental to the administrative process and reviewable only when the final determination of the application for the rate increase is made by the commission (Matter of Art Metal Constr. Co. v. McGoldrick, 260 App. Div. 153; Matter of Schwartz v. Naftalison, 11 Misc 2d 439). Petition dismissed.