Lawrence H. Cooke, J.
Petitioner, the developer of a tract of land in Saratoga County, having instituted this article 78 proceeding seeking judgment directing the Commissioner of Health of the State of New York “to issue the sewer permit to your petitioner that he failed to issue in December, 1965 and further directing said Commissioner to issue the modified permit that he caused to be prepared on June 2, 1966 ”, respondent moves to dismiss upon objections in point of law: (1) that the petition fails to state facts sufficient to constitute grounds for the relief sought, and (2) that the petition is premature.
The petition sets forth facts concerning: the submission of plans for a sewage collection system to serve part of the tract known as Clifton Knolls in the Town of Clifton Park, Saratoga County, starting on November 17,1964, together with subsequent revisions and clarifications; the filing of petitioner’s application for approval of plans and for a permit to discharge treated sewage into the waters of the State on August 27, 1965; the notification by petitioner’s engineer on February 9, 1966 that a new application would be made and that the permit for discharge be held in abeyance; the submission of revised plans and the filing of a revised application on March 3, 1966; the opposition thereto of the Supervisor of the Town of Colonie, Albany County, which town embraces the Latham Water District, in whose watershed Clifton Knolls is located; and the discussions at various meetings with and the communications between petitioner and his representatives and persons associated with the Department of Health. It is alleged therein also: that petitioner received a letter dated November 4, 1965 from respondent’s department stating “ These plans have been found to be technically satisfactory from an engineering standpoint. No permit for the discharge of wastes as required by Article 12 of the Public Health Law is being issued at this time. This approval is only for the initiation of proceedings for the *246 formation of a transportation corporation pursuant to Section 117 of Article 10 of the Transportation Corporation Law”; that on May 19, 1966 a Mr. Bogedain, apparently of the Municipal-Industrial Wastes Section of the New York State Department of Health, advised petitioner that he would have the permit issued by May 27, 1966; that Bogedain’s secretary advised petitioner’s attorney on June 2, 1966 that the permit had been typed out but that she was not sure whether or not it had been mailed to petitioner; and that on June 15, 1966 petitioner was informed by Bogedain that the permit was not going to be issued without a hearing.
Generally speaking, certiorari is a procedure for reviewing “ judicial ” determinations; prohibition is designed to permit a party to obtain immediate relief whenever an official is acting or threatening to act in excess of “ jurisdiction ”; and mandamus, although originally at common law the remedy for compelling the performance of a ministerial act “ enjoined by law”, has in reality become the article 78 “catchall” for the review of all official action which the court characterizes as “administrative” (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7801.04; cf. CPLR 7803).
The two numbered paragraphs of CPLR 7801 state three limitations on article 78 review, one being that the determination must be final, but this limitation as to finality is inapplicable to prohibition and those mandamus proceedings which seek to review a “ non-discretionary ” act or refusal to act (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par, 7801.06). The language of subdivision 4 of section 1230 of the Public Health Law (that a permit for a new outlet for the construction and operation of a new disposal system shall be issued upon .such conditions as the Commissioner may direct: [a] if the Commissioner finds that the discharge from said outlet or system will not be in contravention of standards of the water resources commission, or [b] in case no classification has been made of the receiving waters at said outlet or into which discharge is to be made, if the Commissioner finds that such discharge will not be injurious to public health and public enjoyment thereof, the propagation and protection of fish and wildlife, and the industrial development of the state) demonstrates that the issuance of a permit by the Commissioner requires the exercise of judgment and discretion (cf. Matter of City of Utica v. Water Pollution Control Bd., 5 N Y 2d 164,169; People ex rel. Doyle v. Atwell, 232 N. Y. 96, 102; People ex rel. Schwab v. Grant, 126 N. Y. 473, 481; Matter of Hooker v. Conte, 208 Misc, 188, 192; Matter of Brooklyn Parking Corp. v. Cannella, 193 Misc. 811, 813). Here, *247 we are not dealing with an alleged ‘ ‘ non-discretionary ’ ’ act or refusal to act.
The Commissioner is authorized to hold public hearings with respect to violations of the provisions of article 12 of the Public Health Law, of which section 1230 is a part. Subdivisión 2 of section 1231 of said law reads: “ Public hearings, on due notice, shall be conducted by the commissioner or by his designated representative in connection with and prior to the issuance of any order or determination denying, revoking or modifying a permit as provided by section one thousand two hundred thirty and paragraph (e) of subdivision three of section one thousand two hundred ten.” Clearly, then, respondent has the right to conduct a hearing concerning petitioner’s application for the permit.
Dismissal is required since there has been no final determination of the rights of the parties with respect to the matter to be reviewed (CPLR 7801; Matter of Carville v. Allen, 13 A D 2d 866; People ex rel. Pennsylvania Gas Co. v. Public Serv. Comm., 181 App. Div. 147; Wickham v. Champlain Creameries, 40 Misc 2d 831, 833; Matter of Robinson v. Krulewitch, 18 Misc 2d 285; Johnson v. Cassedy, 37 N. Y. S. 2d 582, 584; Matter of Liebman v. Van Denburg, 168 Misc. 155, 156-157; Wachtel, New York Practice Under the CPLR, p. 353; Carmody-Forkosch, New York Practice [8th ed.], p. 918; 22 Carmody-Wait, New York Practice, pp. 125, 371). Any action by the respondent thus far lacks finality since he has not issued or denied the permit sought by petitioner (cf. Matter of Siegel v. Mangan, 258 App. Div. 448, 450, affd. 283 N. Y. 557; Matter of Town of Cheektowaga v. Levitt, 22 Misc 2d 163, 164-165, affd. 12 A D 2d 848, affd. 10 N Y 2d 931; Matter of Ungar v. Moses, 21 Misc 2d 240, 242; Matter of Island Trees Civic Assn. v. Town Bd. of Hempstead, 198 Misc. 1064) and a decision by respondent merely to conduct a hearing would not be a final determination (Matter of Local 373 United Assn. v. State Comm. for Human Rights, 40 Misc 2d 440; cf. Matter of Eldred v. Monaghan, 6 Misc 2d 658). As a general rule, mandamus will lie only to remedy a wrong that has been suffered and not to prevent an anticipated wrong (Matter of Jaquith v. Simon, 35 Misc 2d 508, 510, affd. 12 N Y 2d 660; Matter of Rooney, 26 Misc. 73, 74; Matter of Brown, 14 N. Y. S. 450, 451-452; 22 Carmody-Wait, New York Practice, p. 212). Motion to dismiss petition granted.