■ In the Matter of THOMAS P. CARVILLE, Petitioner, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, Respondent.— This is an appeal from an order of the Supreme Court at Special Term which dismissed the petition on the merits and confirmed the determination of the respondent. At the annual election held on May 3, 1960 in the City School District of the City of Utica pursuant to the provisions of article 53 of the Education Law, three candidates, including appellant, contended for election to the single vacancy in the membership of its seven-member Board of Education. Five thousand seven hundred sixteen votes were cast in the election. The statement of canvass of the ballots by the inspectors of election in the several election districts indicated that appellant had received 2,176 votes and that 2,165 ballots had been cast for his nearest opponent. The third candidate for the position received 1,290 votes. One ballot contained the name of an unavowed candidate;

3 were blank ballots; 1 was considered to have been spoiled and 80 were marked void. The board thereafter examined and tabulatd the inspectors' tally sheets, determined the number of votes cast for each candidate, declared the result of its canvass and announced the election of appellant to the board. (Education Law, § 2610, subd. 4.) An appeal by the board to the respondent commissioner pursuant to section 310 of the Education Law for a recount of the ballots cast in the election followed. A qualified voter and taxpayer of the school district, who was also a member of the Board of Education, joined in the petition to the commissioner. Chapter 599 of the Laws of 1960 (eff. April 14, 1960) amended section 212 (rule 2) of the Election Law to provide that a cross X mark or a check V mark, made by the voter, in a voting square at the left of a candidate's name should be counted as a vote for him. The ballots used in the instant school district election contained the following instruction to voters: "Any other mark than the cross (X) mark used for the purpose of voting for candidates * * * is unlawful." It appeared from the petition to the commissioner and its supporting affidavits that in some of the school election districts the inspectors of election regarded ballots marked with a check (V) mark as valid and countable while in others the election inspectors treated ballots so marked as void. Appellant opposed the petition essentially on the procedural grounds that neither the Board of Education nor its member had standing as an aggrieved party to invoke the respondent's jurisdiction and that there was no showing that a recanvass of the votes would have produced a different result than that announced by the Board of Education. Only the unsupported denial of the answer disputed the lack of counting uniformity in the vote tallying process. After oral argument, the Commissioner ruled that he had jurisdiction to entertain the appeal. On the record before him he found that the result of the election was in doubt which could be resolved only by a recount of the ballots. Accordingly, he ordered a recanvass to be conducted in the presence of the attorneys for the interested parties at a future time and place. In the interim he impounded the ballots. The inceptive vote counting process was interrupted through the commencement of an article 78 (Civ. Prac. Act) proceeding by the petitioner and stayed by the order to show cause by which it was brought on for hearing. On the ground that the Commissioner's determination was not purely arbitrary, Special Term dismissed the petition on the merits and further observed that the proceeding had been instituted prematurely. The appeal to this court from the order entered thereon followed. The procedure of article 78 is not available where there has been no final determination of the rights of the parties with respect to the matter to be reviewed. Here, the commissioner determined neither the result of the election nor the right of either of the candidates to be a member of the board. His decision that the record before him justified a recanvass of the votes and his interlocutory order directing the production of the ballots for this purpose were merely intermediate procedural rulings incidental to the administrative process which are reviewable only in the event that appellant conceives himself aggrieved by the ultimate consequence of the recount. (*People ex rel. Pennsylvania Gas Co.* v. *Public Serv. Comm.*, 181 App. Div. 147; *Matter of Robinson* v. *Krulewitch*, 18 Misc 2d 285; Civ. Prac. Act, § 1285, subd. 3.) Order modified by deleting the words "on the merits" and, as so modified, affirmed, without costs. **Bergan,** P. J., Gibson, Herlihy and Taylor, JJ., concur.