Samuel M. Gold, J.
This is an article 78 CPLR proceeding that seeks to set aside and annul subdivision 6 of rule H of the Rules of the New York State Athletic Commission, which provides that a professional boxer may hold only one championship title at one time.
Petitioner, Emile Griffith, a professional boxer and welterweight champion of the world, is recognized as such by the New York State Athletic Commission. In January, 1966, petitioner was permitted to fight for the middleweight championship of the world. On April 6, 1966, petitioner signed a contract to fight for the middleweight championship of the world and, as part of the agreement, the parties adopted the rules of the New York State Athletic Commission. On April 25, 1966, petitioner fought one Dick Tiger for the middleweight championship, and won.
Subdivision 6 of rule H (19 NYCRR 218.6) of the Rules of the New York State Athletic Commission provides as follows: “No individual may hold a world’s championship title in two or more *353 classes at the same time, but the holder of one such championship title may enter a contest for the world championship title of another class. In the event that such individual wins such world’s championship title in such other class, his original world championship is automatically vacated. ’ ’
Petitioner contends that subdivision 6 of rule H of the Rules of the New York State Athletic Commission deprives him of a valuable property right and as such conflicts with the 14th Amendment of the United States Constitution and section 6 of article I of the New York State Constitution.
A determination of this contention will be dispositive of the entire proceeding. Petitioner’s other assertions are without merit.
Petitioner had no vested property right to the title of welterweight champion of the world.
It must be remembered that all manner of pugilistic encounters for admission fees are charged and stamped as illegal and against public policy and any participation constitutes a criminal offense (Penal Law, §§ 1710-1716). The Legislature has legalized boxing matches only if held pursuant to permission granted by the New York State Athletic Commission (L. 1920, ch. 912, § 28, as amd. by L. 1952, ch. 666 and renumbered § 32). In furtherance of this legislative plan to permit an otherwise illegal activity, the Legislature has constituted the Nbav York State Athletic Commission as a regulatory body designed to exercise strict supervision over boxing (Matter of Tilelli v. Christenberry, 1 Misc 2d 139). The commission’s broad poAvers and special duty have been the subject of discussion in many cases (Matter of London Sporting Club v. Helfand, 3 Misc 2d 431; Rosensweig v. State of New York, 5 N Y 2d 404; Matter of Tilelli v. Christenberry, 1 Misc 2d 139, supra).
The primary means employed to effectuate the enforcement of the statute and the rules and regulations promulgated by the commission is a system of licensing. This excludes the unlicensed, with poAver to penalize the licensed for Atiolation or infringements. These broad powers, though questioned on occasion, have been continually upheld.
In Matter of London Sporting Club v. Helfand (supra, p. 436) the court said: “A great deal of latitude and discretion must be accorded a commission which is responsible to the People of the State for the maintenance of fair dealing, honesty, and clean sport in a field which has in the past been infested with undesirable elements. Its rules should be enforced by the courts unless shown to be clearly arbitrary. Its determination, particularly when supported by evidence, should be upheld.”
*354 The State, through the boxing' commission and in the exercise of its police powers, has chosen to regulate boxing activities. The title formerly held by petitioner (welterweight champion) was a privilege given to the petitioner by this State through the boxing' commission. His acceptance of that privilege is subject to such conditions and restrictions as the Legislature and commission see fit to impose. The commission has a right to step in at any time to withdraw that privilege, provided its action is not arbitrary or capricious.
Subdivision 6 of rule H cannot be said to be unreasonable and its implementation said to be arbitrary. Since its adoption, champions have abided by it. The papers submitted clearly indicate its necessity to insure active competition in the sport, to promote safety and to avoid confusion.
In Matter of Robinson v. Krulewitch (18 Misc 2d 285) the court said, at page 289: ‘ ‘ The existence of championship titles may safely be said to be an integral and necessary part of the sport of boxing. A commission appointed to regulate that sport, and vested with sole jurisdiction over it, necessarily possesses authority to regulate, for the area over which it has jurisdiction, the manner in which titles shall be won, lost and vacated. Such authority in the commission is implicit in the grant to it of exclusive jurisdiction over the sport of boxing in the State of New York.”
It has been shown from the evidence submitted that the rule promulgated by the commission has a rational basis and cannot be said to be arbitrary (Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70; Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1).
Accordingly, the application is dismissed and the petition denied.