■ In the Matter of Leona Wishik et al., Appellants, v James R. Dumpson, as Commissioner of the Department of Social Services of the City of New York, Respondent.—Judgment, Supreme Court, Bronx County, entered September 11, 1975, granting the petition to the extent of directing review of petitioners' case record by the hearing officer *in camera* to determine existence of exculpatory material, modified, on the law, to the extent of directing that petitioners' public-assistance case record and the record of the face-to-face recertification interviews be delivered to petitioners or their counsel to determine the existence of exculpatory material, and otherwise affirmed, without costs or disbursements. Petitioner Randolph Wishik had been receiving financial assistance under the AABD (Aid to the Aged, Blind & Disabled) program, and his wife and children received funds under the AFDC (Aid to Families With Dependent Children) program. The family received a composite check encompassing the benefits of both programs. The funds are made available through Federal programs administered by the State. Effective January 1, 1974, AABD was replaced by the SSI (Supplemental Security Income) program, but the adjustments were not made regarding payments to the Wishiks. When the Wishiks were notified of the intent of the Department of Social Services to reduce assistance because of overpayments, the Wishiks sought a "fair hearing." The hearing was begun on March 24, 1975, at which time petitioners sought free access to their case file; this was refused. The hearing was adjourned to enable petitioners to initiate this CPLR article 78 proceeding to review that determination. Special Term granted the petition only to the extent of allowing *in camera* review by the hearing officer and release of only exculpatory material to the petitioners. We would broaden that relief. The essence of petitioners' response to the attempted recoupment is that there was no willful withholding of information concerning receipt of SSI benefits,* and proof thereof is contained in their case record. State administration of Federal programs must comply with the rules and regulations promulgated by the Department of Health, Education and Welfare (US Code, tit 42, § 604; § 1383, subd [g], par [4], cl [B]; *King v Smith,* 392 US 309, 316–317; *Matter of Jones v Berman,* 37 NY2d 42, 53). With regard to a fair hearing, those rules provide, *inter alia,* that a claimant shall have adequate opportunity "[t]o examine the contents of his case file and all documents and records to be used by the agency at the hearing at a reasonable time before the date of the hearing as well as during the hearing;" and "[t]o establish all pertinent facts and circumstances" (45 CFR 205.10 [a] [13] [i]; [13] [iv]). We have modified the ruling of Special Term to the extent that it differed from this Federal requirement. As to the procedural impediment urged in the dissent, we merely note that finality is not a necessary ingredient of article 78 proceedings in the nature of mandamus (8 Weinstein-Korn-Miller, NY Civ Prac, pars 7801.06, 7801.08), and any delay

---

* This defense is available under both the Federal (45 CFR 233.20 [a] [12]) and State (18 NYCRR Part 351) regulations.

caused in the processing of the claims of these petitioners must be tempered by the fact that the problem of the scope of allowable discovery, recurrent in nature, may now be laid to rest. Concur—Stevens, P. J., Markewich and Lane, JJ.; Kupferman and Silverman, JJ., dissent in separate memoranda, as follows: Kupferman, J. (dissenting). I would affirm as to the limited relief granted. While there is wisdom in both the majority opinion and in the dissent of my colleague, Silverman, J., I take a different view. The appeal is premature. The petitioners seek to establish an absolute right for all welfare recipients to have access to their files. We do not have to reach that question. It may very well be that on his *in camera* examination the hearing officer will determine that this file should be made available to petitioners in this case, in which event this appeal as to this case would serve no purpose and would then certainly justify the dissent by Silverman, J., concerning unnecessary intermediate appeals. If the hearing officer denies examination, it will be based on his finding that the file reveals nothing that would help petitioners in their attempt to prove notice. (See *Rivera v Dumpson,* 54 AD2d 646.) We then would face the question of an absolute right. Further, the file may well contain confidential items not relevant in this overpayment dispute. (Cf. *People v Prim,* 40 NY2d 946; CPLR 4508.) There should be guidelines as to relevancy and confidentiality. (Cf. *People v Darden,* 34 NY2d 177, 181; *People v Huggins,* 36 NY2d 827, 828.) Silverman, J. (dissenting). In this dispute relating to the right of the welfare authorities to recoup alleged overpayments, a statutory "fair hearing" was begun on March 24, 1975 before a hearing officer of the State Department of Social Services. Petitioners, the welfare recipients, wish to examine their case file freely in preparation for their defense. The welfare agency's representative refused to permit examination. Thereupon, at the request of petitioners, the hearing officer directed an adjournment of the hearing to permit the commencement of this proceeding to compel access to the case file. Petitioners then brought this article 78 proceeding. Special Term granted petitioners limited relief. Petitioners contend that they are entitled to broader relief and therefore appeal. In my view, no article 78 proceeding lies, for the reason that the refusal to furnish the file (if we assume that the hearing officer concurred in that) was not a final determination but merely a procedural step in administrative proceedings. "The procedure of article 78 is not available where there has been no final determination of the rights of the parties with respect to the matter to be reviewed." *(Mayor of Carville v Allen,* 13 AD2d 866, 867.) The determination of the administrative agency fell within the category of "merely intermediate procedural rulings incidental to the administrative process which are reviewable only in the event that appellant conceives himself aggrieved by the ultimate consequence of the [case]." *(Carville, supra,* p 867; accord *Matter of Art Metal Constr. Co. v McGoldrick,* 260 App Div 153, 154; *Matter of Taibbi v State Liq. Auth.,* 48 AD2d 568, 571.) The extremely liberal system of interlocutory appeals from court orders which we have in this State has been the subject of considerable discussion and controversy. (See, e.g., Mattison, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 5701, p 553.) We should not import into administrative proceedings a system of interlocutory appeals to the courts. The delays incident to such a system are strikingly illustrated in this case. On March 24, 1975, the "fair hearing" began (although apparently no evidence was taken). Because of this dispute as to what is essentially a question of discovery, the administrative proceeding has been brought to a halt for 20 months, and the matter

can yet go to the Court of Appeals. And after that, it can go back for the statutory "fair hearing," with perhaps another dispute about some other discovery point and the whole weary appellate process all over again. But for this article 78 proceeding, the whole case could have been heard long ago, with perhaps a determination favorable to petitioners and no article 78 proceeding, or an article 78 proceeding after an adjudication on the merits. And one way or another, it might well develop that the discovery controversy did not affect the final result. The statutory scheme clearly contemplates that there be no interlocutory appeals to the courts in administrative proceedings. We should not dilute that bar or furnish a precedent for further article 78 proceedings to test discovery questions in administrative proceedings. It follows that in my view this article 78 proceeding should have been dismissed at Special Term. Special Term did not do so but instead granted some relief to petitioners. However, respondent below has not appealed to this court. Therefore, I suppose we do not have power to dismiss the proceeding. Petitioners have appealed, asking for more relief. Obviously, in my view they are not entitled to more relief in this proceeding. Accordingly, I think the order appealed from should be affirmed without passing on the merits of the right to discovery.

