■ In the Matter of Donna Del Monte, Appellant, v John L. Lascaris, as Commissioner of the Onondaga County Department of Social Services, et al., Respondents.—Order unanimously reversed, without costs, and application granted in accordance with the following memorandum: The sole question presented by this appeal is whether appellant, Donna Del

Monte, a recipient of Aid to Families for Dependent Children (AFDC) is entitled to examine certain documents contained in her case record prior to a scheduled fair hearing. Respondent, John Lascaris, Commissioner of Onondaga County Department of Social Services, sent a notice of intent advising appellant that her grant of public assistance was to be reduced because she failed to furnish information regarding the father of her out-of-wedlock child. The proposed reduction in monthly benefits amounted to approximately $70. Appellant has received AFDC benefits since the birth of her child on April 15, 1975. On May 17, 1976 her case was recertified for determination of eligibility for aid and in that process she was interviewed for the purpose of assisting respondent in locating the father of her child. It is respondent's claim that appellant failed to identify the father and that such refusal constituted a failure to co-operate and assist in matters of support and paternity as a result of which respondent removed appellant from the grant by reducing it by the amount of her prorated share. The continued grant of $69.57 is to meet the needs of the child. Subsequent to receiving the notice of intent appellant requested an administrative fair hearing. After the fair hearing was scheduled, respondent provided appellant with copies of the documentary evidence which it planned to use at the hearing. These records included the forms filled out at the time of appellant's May, 1976 recertification. Appellant wanted to review her initial application for assistance, application for a Social Security number for the child and her periodic recertifications. Thereafter, appellant's attorneys asked, with her authorization, to inspect the case record for these documents. Respondent refused. On July 1, 1976 she served a summons and complaint on respondent and at the same time moved at Special Term to see her records. Her application to be permitted to examine her case record was denied on the grounds of confidentiality at Special Term which relied upon the provisions of section 136 of the Social Services Law. We find section 136 of the Social Services Law inapplicable to the instant situation where a recipient, or her authorized agent, seeks examination of certain papers in her own case record. This statute was intended to protect the recipient from disclosure of his welfare records to unauthorized third parties (Social Services Law, § 136, subd 2). Since the recipient in this case is receiving aid under AFDC, Federal regulations govern her rights only when the same are inconsistent with State statutes or regulations (*Matter of Shook v Lavine*, 49 AD2d 238, 241-242; see *King v Smith*, 392 US 309). We find however, the relevant Federal and State regulations consistent. Under the Federal regulation the claimant "shall have adequate opportunity to examine the contents of his case file and all documents and records to be used by the agency at the hearing" at a reasonable time prior thereto (45 CFR 205.10 [a] [13] [i]). Similarly, it is provided under the State regulations that the recipient "shall be afforded an opportunity to examine the case record at a reasonable time before the hearing in accordance with [the provision of section] 357.3(c)" (18 NYCRR 358.12 [b]). Such regulations do not contemplate the general availability of case records to recipients. Rather, they permit an examination of the case record in connection with a fair hearing. Further, the contents of the case record to be made available under Federal or State regulations do not include (a) intra or interagency memos, rules or practices; (b) information obtained from confidential outside sources; and (c) certain investigative reports prepared for law enforcement purposes. After deletion of the excepted portion any reasonably segregable portion of the case records shall be provided to a recipient (18 NYCRR 357.3 [c]; and see, e.g., US Code, tit 5, § 552, subd [b]). In the present case the

requested records were entirely comprised of information furnished to the agency by the recipient. As to these, no proper claim of confidentiality may be made by respondent and appellant should have the right to examine them prior to the scheduled fair hearing *(Matter of Wishik,* 55 AD2d 593). (Appeal from order of Onondaga Supreme Court—discovery and injunction.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.