John H. Doerr, J.
In this article 78 proceeding, the petitioner seeks to have made available to her the case record files which respondent has in his possession, prior to her proceeding with a fair hearing to determine the propriety of respondent’s discontinuance of certain public assistance the petitioner feels she is entitled to. Petitioner further requests that this proceeding be certified to be a class action.
The respondent, in his answer, admits certain of the allegations in the petition (some of them critical), denies others and asserts some affirmative defenses which seem to be a review of what he perceives the law to be on the subject of access to records and his willingness to comply with the law.
This is not a complicated nor even a sophisticated matter. If the respondent’s present willingness to comply with the law had been earlier demonstrated, this matter would not be before the court. The petitioner’s right to a fair hearing is not challenged. Petitioner’s grants came from both State and Federal grants.
45 CFR 205.10 (a) (13) (i) states: "The claimant, or his representative shall have adequate opportunity:
(i) To examine the contents of his case file and all documents and records to be used by the agency at the hearing at a reasonable time before the date of the hearing as well as during the hearing.” (Emphasis supplied.)
18 NYCRR 358.12 (b) states: "The applicant, recipient, client, or their representative, who shall have appropriate written authorization, shall be afforded an opportunity to examine the case record at a reasonable time before the hearing in accordance with and to the extent permitted by sections 231.3 (b)(5) and 357.3 (c) of this Title.”
None of this means that a summary of the case record is to be given to the petitioner nor does it mean that Mr. Fitzgibbons or Mr. Barone (County Attorneys) or some other representative of the respondent is to decide on a case-by-case basis whether any or what records are to be made available to an applicant, or when.
*569 That portion of the petition requesting the respondent to provide petitioner access to her case record file in preparation for a fair hearing is granted.
The request for certification of this matter as a class action is denied at this time for the reason that it has not been sufficiently demonstrated that petitioner represents a group so numerous that joinder of other members would be appropriate. The within decision on the merits of this case, along with Matter of Wishik v Dumpson (55 AD2d 593) and Matter of Del Monte v Lascaris (55 AD2d 1043) should provide respondent with sufficient guidance to formulate policy. Failure to comply with court decisions could well overcome the court’s present reluctance to treat this matter as a class action.