(March 14, 1978)

■ In the Matter of ISAMAE DUNBAR et al., Respondents, v PHILIP TOIA, as Commissioner of the New York Department of Social Services, et al., Appellants.—Judgment (denominated an order) of the Supreme Court, New York County, entered September 22, 1977, permitting petitioner Isamae Dunbar to examine her entire case file (with redaction of names of informants, if the informants are not to be witnesses) and declaring invalid portions of the regulations of the New York State Department of Social Services which may be in conflict with Federal regulations, unanimously affirmed, without costs or disbursements. In *Wishik v Dumpson* (55 AD2d 593), we compared the State and Federal regulations which are now before us. We held "With regard to a fair hearing, those rules [Federal] provide, *inter alia,* that a claimant shall have adequate opportunity '[t]o examine the contents of his case file *and* all documents and records to be used by the agency at the hearing as well as during the hearing' and '[t]o establish all pertinent facts and circumstances' (45 CFR 205.10 [a] [13] [i]; [13] [iv])." (Emphasis added.) Accordingly, the position of appellant that petitioner may examine only that portion of the case file which is relevant to the hearing is untenable. Concur—Murphy, P. J., Birns, Evans and Sullivan, JJ.; Silverman, J., concurs under constraint of *Wishik v Dumpson* (55 AD2d 593).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEMENT AKIWUMI, Appellant.—Judgment, Supreme Court, New York County, rendered July 1, 1975, convicting the defendant after a nonjury trial of the crimes of conspiracy in the third degree, grand larceny in the second degree, grand larceny in the third degree (three counts), petit larceny, and issuing a bad check (three counts), unanimously modified, on the law, to the extent of reversing the convictions on the three counts of issuing a bad check (Counts Nos. 5, 7 and 11), and dismissing those counts of the indictment, and, as so modified, the judgment is affirmed without prejudice to any application defendant may be advised to make at Trial Term regarding the terms of his probation. The three counts of the indictment charging the defendant with issuing three separate checks on three separate dates, knowing that he had insufficient funds to cover those checks, corresponded to the three counts in the indictment charging the defendant with grand larceny in the third degree. The defendant could not, under the facts of this case, have committed the crime of grand larceny in the third degree without also committing the crime of issuing a bad check. The latter counts, therefore, are inclusory and concurrent and should be dismissed (CPL 300.30, subd 4; *People v Grier,* 37 NY2d 847, 848). Concur—Murphy, P. J., Lupiano, Lane, Markewich and Sullivan, JJ.